# Illinois Official Reports

## Appellate Court

***MidFirst Bank v. Riley*, 2018 IL App (1st) 171986**

| | |
|---|---|
| Appellate Court Caption | MIDFIRST BANK, Plaintiff-Appellee, v. DENISE RILEY, Defendant-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1-17-1986 |
| Filed | August 20, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 13-CH-16791; the Hon. Allen Price Walker, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | LOGIK Legal LLC, of Chicago (Sabrina Herrell, of counsel), for appellant.<br><br>Shapiro Kreisman & Associates, LLC, of Bannockburn (Joseph M. Herbas, of counsel), for appellee. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion.<br>Presiding Justice Pierce and Justice Mikva concurred in the judgment and opinion. |

## OPINION

¶ 1 Plaintiff-appellee, MidFirst Bank, initiated a foreclosure action on a piece of property located at 14451 Arthur Court, Dolton, Illinois, after defendant-appellant, Denise Riley, failed to make the required mortgage payments. After suit had been filed, defendant filed several affirmative defenses and counterclaims. Defendant argued plaintiff lacked standing to bring the foreclosure action, while also alleging violations of the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1 *et seq.* (West 2016)), common law fraud, and promissory estoppel. Plaintiff eventually filed for summary judgment. After briefing from the parties, the circuit court entered judgment in favor of plaintiff and against defendant. The court also entered judgment in favor of plaintiff on all of defendant's counterclaims. The subject property was sold at auction, which the circuit court then approved.

¶ 2 Defendant timely appealed and raises several issues before this court: (1) the circuit court erred in denying her motion to dismiss and the subsequent motion to reconsider, (2) the circuit court erred in finding no genuine issue of material fact as to defendant's first affirmative defense (lack of standing), (3) the circuit court erred in granting summary judgment in favor of plaintiff, (4) the circuit court erred in entering judgment in favor of plaintiff on the Consumer Fraud Act claim and common law fraud claim, and (5) the circuit court erred in confirming the judicial sale.

¶ 3 For the reasons stated more fully below, we find no error with the proceedings below and affirm the circuit court's orders.

¶ 4 JURISDICTION

¶ 5 This foreclosure action commenced on July 15, 2013. On June 30, 2016, plaintiff moved for summary judgment. On October 11, 2016, the circuit court granted the motion. On July 10, 2017, the circuit court approved the sale and order of possession. On August 9, 2017, defendant filed her notice of appeal. Accordingly, this court has jurisdiction over this matter pursuant to article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. Jan. 1, 2015).

¶ 6 BACKGROUND

¶ 7 This appeal involves a loan given on March 5, 1999, from Anchor Mortgage Corporation (Anchor) to defendant, Denise Riley, in the amount of $114,824. Defendant executed a note promising to repay the loan, plus interest. The note was secured by a mortgage executed by defendant against the property located at 14451 Arthur Court, Dolton, Illinois. Anchor subsequently indorsed the note to Fleet Mortgage Corporation (Fleet). The transfer of the note from Anchor to Fleet was memorialized by an assignment of the mortgage that was recorded with the Cook County Recorder of Deeds Office on March 16, 1999.

¶ 8 Fleet later merged with Washington Mutual Home Loans, Inc., who then merged into Washington Mutual Bank, F.A. Before the merger, an indorsement was placed on the note by Lynn McLeon, a document executing officer at Fleet. The word "VOID" appears over this indorsement. On April 28, 2006, defendant and Washington Mutual Bank, F.A., entered into a loan modification agreement that modified the payment terms on defendant's loan. The loan

modification agreement was executed by defendant and Washington Mutual Bank, F.A., and recorded with the Cook County Recorder of Deeds Office on June 8, 2006.

¶ 9    Washington Mutual Bank, F.A., changed names to Washington Mutual Bank (Washington Mutual). Washington Mutual executed an allonge that was affixed to the note. The allonge is executed by "WASHINGTON MUTUAL BANK (fka Washington Mutual Bank, FA), successor to Washington Mutual Home Loans, Inc., successor by merger to Fleet Mortgage Corp." The allonge is indorsed in blank. Washington Mutual transferred the note to plaintiff by executing an assignment on October 26, 2006. This assignment was recorded with the Cook County Recorder of Deeds Office on May 15, 2007. The assignment of the mortgage is executed by "WASHINGTON MUTUAL BANK (fka Washington Mutual Bank, FA), successor to Washington Mutual Home Loans, Inc., successor by merger to Fleet Mortgage Corp."

¶ 10    On April 27, 2007, plaintiff and defendant entered into a second loan modification agreement that modified the payment terms of the loan. This loan modification agreement identifies defendant as the "Borrower" and plaintiff as the "Lender." It was executed by both defendant and plaintiff and recorded with the Cook County Recorder of Deeds Office on June 20, 2007. After plaintiff and defendant agreed to a second loan modification, the record shows an assignment by Washington Mutual, f/k/a Washington Mutual Bank, FA, to Mortgage Electronic Registration Systems, Inc. This assignment was recorded with the Cook County Recorder of Deeds Office on June 27, 2007.

¶ 11    On February 23, 2010, plaintiff and defendant entered into a third loan modification agreement that again modified the payment terms. The loan modification agreement identifies defendant as the "Borrower" and plaintiff as the "Lender." The third loan modification agreement was executed by defendant and plaintiff and recorded with the Cook County Recorder of Deeds Office on April 8, 2010.

¶ 12    Defendant failed to pay the October 2012 installment on the third loan modification agreement and subsequently went into default. After the default, plaintiff initiated this mortgage foreclosure action. In response to the complaint, defendant filed a "Motion to Dismiss Complaint to Foreclose Mortgage or in the Alternative Motion for More Definite Statement." The motion to dismiss was denied by the circuit court on October 6, 2014. On November 3, 2014, defendant filed a motion to reconsider the denial of her motion to dismiss. On January 26, 2015, the circuit court denied the motion to reconsider.

¶ 13    On February 17, 2015, defendant filed an answer to the complaint along with affirmative defenses and counterclaims. Several of defendant's counterclaims and affirmative defenses were struck with prejudice, but she was given leave to replead others. Defendant refiled her standing affirmative defense. On December 30, 2015, she refiled her counterclaims alleging violations of the Consumer Fraud Act, common law fraud, and promissory estoppel. Plaintiff filed its response to the counterclaims on February 29, 2016.

¶ 14    Plaintiff filed its motion for summary judgment on June 30, 2016. After briefing from the parties, the circuit court entered judgment of foreclosure in favor of plaintiff on October 11, 2016. At the same time, the circuit court also entered judgment in favor of plaintiff on defendant's counterclaims and affirmative defenses. Defendant filed a motion to reconsider on January 5, 2017. This was denied by the circuit court on March 22, 2017. A foreclosure sale was held on March 23, 2017. The circuit court approved the foreclosure sale on July 10, 2017. Defendant timely filed her notice of appeal on August 9, 2017.

¶ 15                                    ANALYSIS

¶ 16    In her first issue, defendant argues the circuit court erred when it denied her motion to dismiss and the subsequent motion to reconsider. Defendant's motion to dismiss states that it is brought pursuant to section 2-619.1 (735 ILCS 5/2-619.1 (West 2016)), but it only raises an argument that plaintiff lacks standing to bring the foreclosure action. We confine our review accordingly.

¶ 17    The doctrine of standing is intended to prevent persons who have no interest in a controversy from bringing suit and "assures that issues are raised only by those parties with a real interest in the outcome of the controversy." *Glisson v. City of Marion*, 188 Ill. 2d 211, 221 (1999). Lack of standing is an "affirmative matter" that is properly raised under section 2-619(a)(9). See *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 494 (1988) (holding that lack of standing is an "affirmative" defense). Section 2-619(a)(9) permits involuntary dismissal where "the claim asserted *** is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2016). The phrase "affirmative matter" refers to something in the nature of a defense that negates the cause of action completely or refutes a crucial conclusion of law or conclusions of material fact contained in or inferred from the complaint. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 486 (1994). An order granting or denying a motion to dismiss is given *de novo* review on appeal. *Glisson*, 188 Ill. 2d at 220.

¶ 18    Under the Illinois Mortgage Foreclosure Law (Foreclosure Law), a foreclosure action may be brought by (1) the legal holder of an indebtedness secured by a mortgage, (2) any person designated or authorized to act on behalf of such holder, or (3) an agent or successor of a mortgagee. 735 ILCS 5/15-1208, 15-1501 (West 2016); *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 7 (2010). A *prima facie* case for foreclosure is established if the complaint conforms to the requirements set forth in section 15-1504(a) of the Foreclosure Law (735 ILCS 5/15-1504(a) (West 2016)) and the note and mortgage are attached. *Barnes*, 406 Ill. App. 3d at 6. If this is done, the burden shifts to the mortgagor to prove lack of standing. *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 24.

¶ 19    Under the Uniform Commercial Code, persons entitled to enforce a note include its holder or a nonholder in possession of the instrument who has the rights of the holder. See 810 ILCS 5/3-301 (West 2016). A negotiable instrument may be transferred by delivery to another entity for the purpose of giving that entity the right to enforce the instrument. *Id.* § 3-203(a). If a note is "indorsed in blank," it becomes payable to the bearer and may be negotiated by transfer of possession alone until it is specially indorsed. *Id.* § 3-205(b).

¶ 20    After reviewing the complaint, we agree with the circuit court that plaintiff's complaint establishes a *prima facie* case that plaintiff has standing to bring the foreclosure action. In bringing this foreclosure action, the plaintiff produced the original note between Anchor and defendant. Another document shows an assignment of the note from Anchor to Fleet. Fleet did indorse the assignment in blank, but the word "VOID" is written across it. An allonge is affixed to the note executed by "WASHINGTON MUTUAL BANK (fka Washington Mutual Bank, FA), successor to Washington Mutual Home Loans, Inc. successor by merger to Fleet Mortgage Corp." and contains an indorsement in blank. The presentation of documentation showing a chain from Anchor to Fleet to Washington Mutual, coupled with the allonge with a blank indorsement, is sufficient to make a *prima facie* showing of standing.

¶ 21    The complaint also complied with Illinois Supreme Court Rule 113. Rule 113(b) provides, "[i]n addition to the documents listed in section 15-1504 of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1504), a copy of the note, as it currently exists, including all indorsements and allonges, shall be attached to the mortgage foreclosure complaint at the time of filing." Ill. S. Ct. R. 113(b) (eff. May 1, 2013). Plaintiff attached to the complaint the note, mortgage, assignments, and allonge containing the blank indorsement in order to demonstrate how Washington Mutual became a holder. Plaintiff also attached the assignment from Washington Mutual to plaintiff, MidFirst Bank. This assignment, which occurred in October 2006, demonstrated how plaintiff became the current holder. Plaintiff also attached the three loan modifications. The first loan modification is between defendant and Washington Mutual. The second and third loan modifications are between plaintiff and defendant. Both the second and third modifications postdate the assignment from Washington Mutual to plaintiff. Taken together, all the attached exhibits establish plaintiff did not violate Rule 113(b) when it filed the foreclosure action.

¶ 22    Defendant's attacks on the complaint are unpersuasive. Defendant argues "a dispute exists regarding the validity of the allonge itself because the complaint exhibits are awash with inconsistencies." Defendant specifically points to the fact that plaintiff failed to attach any merger documents demonstrating Fleet's merger into Washington Mutual Home Loans, Inc. She also argues that the blank indorsement by Fleet containing the word "VOID" written across it demonstrates an intent by Fleet to negotiate the instrument to a person named Void.

¶ 23    These are procedurally improper arguments to make when bringing a motion to dismiss. When ruling on the section 2-619(a)(9) motion, the court construes the pleadings "in the light most favorable to the nonmoving party" and should only grant the motion "if the plaintiff can prove no set of facts that would support a cause of action." (Internal quotation marks omitted.) *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 31. The documents indicate that Fleet merged with Washington Mutual, and for the purposes of a motion to dismiss, we must accept that this is true. Moreover, for purposes of a motion to dismiss we accept as true that the note and mortgage were transferred from Washington Mutual to plaintiff and not an individual named Void.

¶ 24    Plaintiff's complaint made an initial showing that it had standing to bring the foreclosure action and complied with Rule 113(b). Accordingly, the circuit court did not err in denying defendant's motion to dismiss.[1]

¶ 25    In her next issue, defendant argues the circuit court erred in entering judgment in favor of plaintiff on defendant's first affirmative defense—lack of standing. The order of October 11, 2016, entered summary judgment in favor of plaintiff. While not explicitly stated in the order, the parties acknowledge that this order also resulted in judgment for plaintiff on defendant's affirmative defenses and counterclaims.

¶ 26    Section 2-1005 allows parties to receive judgment in their favor "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2016). If a reasonable person could draw

_____

[1]Defendant does not raise a separate argument as to her motion to reconsider the denial of her motion to dismiss. Accordingly, the issue is forfeited, and we do not review the circuit court's denial of it. Ill. S. Ct. R. 341(h)(7) (eff. Nov. 1, 2017).

divergent inferences from undisputed facts, summary judgment should be denied. *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 42-43 (2004). To survive this motion, the nonmoving party need not prove its case, but must present some evidentiary facts that would arguably entitle it to judgment. *Horwitz v. Holabird & Root*, 212 Ill. 2d 1, 8 (2004). In an appeal from a grant of summary judgment, our review is *de novo*. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992).

¶ 27   Defendant takes issues with the assignment from Washington Mutual to plaintiff. Defendant argues there is no indorsement from Fleet to Washington Mutual that would later allow Washington Mutual to execute a blank indorsement on the allonge. While defendant is correct that for the purposes of summary judgment the existence of a merger is a question of fact, defendant completely ignores that plaintiff attached the merger document from the South Carolina Secretary of State demonstrating a merger between Fleet and Washington Mutual on June 1, 2001. This is sufficient to show Washington Mutual could attach the allonge and indorse it in blank. See *Standard Bank & Trust Co. v. Madonia*, 2011 IL App (1st) 103516, ¶ 20.

¶ 28   At the time of summary judgment, plaintiff produced documents demonstrating it had standing to foreclose. Plaintiff attached (1) the original note with Anchor, (2) Anchor's assignment of the note to Fleet, (3) Fleet's merger with Washington Mutual on June 1, 2001, (4) Washington Mutual's allonge indorsed in blank, and (5) the assignment from Washington Mutual to plaintiff, MidFirst Bank, on October 26, 2006.

¶ 29   Defendant argues the blank indorsement from Fleet with the word "VOID" written across it indicates Fleet meant to transfer the note to an individual named Void. This argument has zero merit as defendant presents no evidence other than her own assertion that Void is a person and Fleet meant to transfer the note to him or her. In opposing summary judgment a party must present *some* evidentiary facts that would arguably entitle it to judgment. *Horwitz*, 212 Ill. 2d at 8. Defendant presented no evidence to support her assertion, and the circuit court did not err in rejecting it.

¶ 30   Defendant also points out that there is an assignment in the record from Washington Mutual to Mortgage Electronic Registration Systems, Inc. (MERS). This argument is unpersuasive as well. The record shows Washington Mutual assigned the mortgage and note to plaintiff on October 26, 2006. The assignment to MERS allegedly occurred on May 11, 2007. At this time, Washington Mutual no longer had the right to transfer the note and mortgage. Its transfer to MERS was outside the chain of title and ineffective. This assignment has no effect on plaintiff's standing.

¶ 31   Based on the above, defendant's arguments in opposing summary judgment lack any evidentiary support. Accordingly, the circuit court did not err in finding no genuine issue of material fact and granting summary judgment in favor of plaintiff.[2]

¶ 32   In the next issue, defendant argues the circuit court erred in granting summary judgment in favor of plaintiff on her counterclaims for violations of the Consumer Fraud Act and common law fraud.

---

[2]Defendant does not raise a separate argument concerning her motion to reconsider the grant of summary judgment. Accordingly, the argument related to the motion to reconsider has been forfeited, and we do not review the circuit court's denial of it. Ill. S. Ct. R. 341(h)(7) (eff. Nov. 1, 2017).

¶ 33    The Consumer Fraud Act is a regulatory and remedial statute intended to protect consumers, borrowers, and business people against fraud, unfair methods of competition, and other unfair and deceptive business practices. *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 416-17 (2002). In order to state a claim under the Consumer Fraud Act, a party must allege and prove "(1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; and (3) the occurrence of the deception during a course of conduct involving trade or commerce." *Id.* at 417. Defendant's consumer fraud claim revolves around plaintiff's failure to comply with Home Affordable Modification Program (HAMP) guidelines.

¶ 34    After reviewing the record, we agree with the circuit court that there were no genuine issues of material fact related to defendant's consumer fraud claim and plaintiff was entitled to summary judgment on this count as a matter of law. "[F]acts contained in an affidavit in support of a motion for summary judgment which are not contradicted by counteraffidavit are admitted and must be taken as true for purposes of the motion." *Purtill v. Hess*, 111 Ill. 2d 229, 241 (1986). Attached to plaintiff's motion for summary judgment was the affidavit of Brian Corgan, plaintiff's vice president. The affidavit avers that plaintiff reviewed defendant's loan for a possible HAMP modification in October 2009, January 2011, and April 2012. On each occasion defendant failed to meet the requisite qualifications. It also avers that she declined to enter into a different loss mitigation option. Defendant filed no counteraffidavit to dispute the claims made by Corgan. While defendant claims she "was eligible for loss mitigation through the HAMP because [she] met the HAMP eligibility guidelines," she fails to point to any evidence in the record to support her contention that she qualified for a modification under HAMP at any point in time. Based on the Corgan affidavit and the lack of contrary evidence in the record, defendant's claim that plaintiff committed a deceptive act by failing to consider her for HAMP must fail.

¶ 35    Defendant's brief does not contain a separate section for her common law fraud count. Instead, the second to last paragraph of her consumer fraud section argues plaintiff committed common law fraud for the same reasons it committed consumer fraud under the Consumer Fraud Act. The same reasoning above applies, and the circuit court correctly entered summary judgment on this claim as well.

¶ 36    In her last issue, defendant claims the circuit court erred in confirming the judicial sale. She argues the sale should not have been confirmed because plaintiff violated section 15-1508(b)(iv) of the Foreclosure Law (735 ILCS 5/15-1508(b)(iv) (West 2016)) when it failed to consider her "loss mitigation requests and failed to abide by HAMP." Next, she argues that plaintiff did review and offer her a HAMP loan modification, but the offer did not comply with HAMP terms. Because the offer did not comply with HAMP, she argues, pursuant to section 15-1508(d-5) (*id.* § 5-1508(d-5)), the foreclosure sale must be set aside.

¶ 37    A circuit court's decision to confirm or reject a judicial sale under section 15-1508 of the Foreclosure Law will not be disturbed absent an abuse of discretion. *Household Bank, FSB v. Lewis*, 229 Ill. 2d 173, 178 (2008). A court abuses its discretion when it acts arbitrarily without the employment of conscientious judgment or if its decision exceeds the bounds of reason and ignores principles of law such that substantial prejudice has resulted. *Wells Fargo Bank, N.A. v. Hansen*, 2016 IL App (1st) 143720, ¶ 14.

¶ 38    Our supreme court has noted that "[w]hat constitutes an injustice under section 15-1508(b)(iv) is not expressly defined in the statute. *** [I]t appears to merely codify the

long-standing discretion of the courts of equity to refuse to confirm a judicial sale." *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 19. The court went on to state that "[a]fter a motion to confirm the sale has been filed, it is not sufficient under section 15-1508(b)(iv) to merely raise a meritorious defense to the complaint." *Id.* ¶ 26. Based on *McCluskey*, the circuit court's rejection of defendant's contention that the foreclosure sale could not be approved because plaintiff failed to consider loss mitigation requests and abide by HAMP was not an abuse of discretion. These arguments were already rejected as part of her defense to the foreclosure action and, pursuant to *McCluskey*, cannot be raised again under section 15-1508(b)(iv) as a reason for not confirming the sale.

¶ 39 Like section 15-1508(b), section 15-1508(d-5) provides a statutory remedy under which a court must set aside a judicial sale if all statutory requirements are met. *CitiMortgage, Inc. v. Johnson*, 2013 IL App (2d) 120719, ¶ 33. In order to obtain relief under this section, a defendant must file a motion before confirmation of the sale and prove, by a preponderance of the evidence, that "the defendant applied for assistance under the [Make Home Affordable Program (MHAP)] and that the sale took place in *material violation* of the [MHAP's] requirements, *i.e.*, the HAMP guidelines, for proceeding to a judicial sale." (Emphasis in original). *Id.* "[I]n order to 'apply for assistance under MHAP' pursuant to section 15-1508(d-5) of the Foreclosure Law the borrower must submit the documentation required by the servicer to determine the borrower's eligibility and verify his or her income." *CitiMortgage, Inc. v. Bermudez*, 2014 IL App (1st) 122824, ¶ 66.

¶ 40 In this case, defendant did not attach any documentation demonstrating what she submitted to plaintiff. Even before this court, defendant does not cite to anything in the record to substantiate her claim or otherwise demonstrate she applied for assistance under MHAP/HAMP. Pursuant to section 15-1508(d-5), defendant must prove by a preponderance of the evidence she applied for assistance under MHAP/HAMP. She has failed to make such a showing.

¶ 41 Based on this record, we cannot say the circuit court abused its discretion in granting plaintiff's motion to confirm the judicial sale.

¶ 42                                    CONCLUSION
¶ 43 For the reasons stated above, the orders appealed are affirmed.

¶ 44 Affirmed.