2020 IL App (1st) 192164

FIRST DISTRICT
SECOND DIVISION
June 23, 2020

No. 1-19-2164

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust | ) ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) ) | Cook County |
| v. | ) ) | No. 10 CH 708 |
| ELENA ROUEI, JP MORGAN CHASE BANK, N.A., as Assignee of Federal Deposit Insurance Corporation for Washington Mutual Bank, F.A., and THE CAMBRIDGE AT THE GLEN HOMEOWNERS ASSOCIATION, | ) ) ) ) ) ) | The Honorable Gerald Cleary, |
| Defendants, | ) ) ) | Judge Presiding. |
| (Elena Rouei, Defendant-Appellant) | ) ) | |

JUSTICE COGHLAN delivered the judgment of the court.
Justice Lavin and Justice Pucinski concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Trial court did not abuse its discretion in confirming judicial sale where defendant alleged that public notice of the sale was deficient. There is no evidence in the record that that defendant did not receive proper notice of the judicial sale, that the published notices were "so remote from the property to suggest that the public did

not receive adequate notice of the sale" or that the Bank purchased the property for less than its value.

¶ 2    In this mortgage foreclosure action, defendant Elena Rouei (Rouei) appeals from an order confirming the judicial sale of her property, arguing that the public notice of sale did not comply with section 15-1507(c)(2) of the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1507(c)(2) (West 2018)). We affirm.

¶ 3                                   BACKGROUND

¶ 4    On January 6, 2010, plaintiff U.S. Bank Trust, N.A. (Bank) filed its complaint against defendants to foreclose a mortgage on Rouei's residence located in Glenview, Illinois (Glenview Residence). On October 30, 2018, the trial court entered a judgment of foreclosure and sale. The judgment reflected that Rouei was indebted to the bank in the amount of $1,158,726.97. Rouei does not dispute the validity of the judgment.

¶ 5    On July 1, 2019, the Bank filed a notice of sale and subsequently filed certificates of publication from the Chicago Daily Law Bulletin and the Glenview Announcements. The Glenview Announcements certificate indicated that notice was published weekly in the township where the real estate is located for three consecutive weeks from June 27, 2019 through July 11, 2019. On July 30, 2019, the Bank moved to approve the sale of the Glenview property, providing a report of sale and distribution reflecting that the Bank successfully bid $1,266,439.06 for the property. Rouei filed a response, in which she argued that the court should not approve the sale, because public notice was deficient. The trial court approved the foreclosure sale on October 16, 2019 and Rouei appealed. For the reasons set forth below, we affirm.

¶ 6                                     ANALYSIS

¶ 7    The parties disagree regarding the proper standard of review on appeal. Rouie suggests that the proper standard is *de novo*, because this is a matter of statutory interpretation, citing *Burzic v.*

*Illinois Workers' Compensation Commission*, 391 Ill. App. 3d 202 (2009), and the Bank asserts that the standard is an abuse of discretion, citing *Grubert v. Cosmopolitan National Bank of Chicago*, 269 Ill. App. 3d 408, 411 (1995). It is well-established that the provisions of the Foreclosure Law "have been construed as conferring on circuit courts broad discretion in approving or disproving judicial sales." *Household Bank, FSB v. Lewis*, 229 Ill. 2d 173, 178 (2008). Therefore, we will not reverse the court's approval of a judicial sale absent an abuse of discretion. *MidFirst Bank v. Riley*, 2018 Il App (1st) 171986, ¶ 37; *Credit Union 1 v. Carrasco*, 2018 Il App (1st) 172535, ¶ 22.

¶ 8    Whether a trial court properly approved or confirmed a sale of foreclosed property is governed by section 15-1508(b) of the Foreclosure Law, which provides, in pertinent part, as follows:

"Upon motion and notice in accordance with court rules applicable to motions generally, which motion shall not be made prior to sale, the court shall conduct a hearing to confirm the sale. Unless the court finds that (i) a notice required in accordance with subsection (c) of Section 15–1507 was not given, (ii) the terms of sale were unconscionable, (iii) the sale was conducted fraudulently, or (iv) justice was otherwise not done, the court shall then enter an order confirming the sale." 735 ILCS 5/15–1508(b).

¶ 9    Section 15–1507(c)(2) of the Foreclosure Law requires, in relevant part, that a mortgagee provide public notice of a judicial sale as follows:

"The notice of sale shall be published at least 3 consecutive calendar weeks (Sunday through Saturday), once in each week . . . by: (i)(A) advertisements in a newspaper circulated to the general public in the county in which the real estate is located, in the section of that newspaper where legal notices are commonly placed and (B)

3

separate advertisements in the section of such a newspaper * * * in which real estate other than real estate being sold as part of legal proceedings is commonly advertised to the general public; * * * *in counties with a population of more than 3,000,000 * * * the newspaper in which the notice required by this item (B) is published shall be a newspaper published in the township in which the real estate is located * * *.*" (Emphasis added) (735 ILCS 5/15–1507(c)(2)).

¶ 10        Rouei argues that the trial court erroneously confirmed the sale of the Glenview Residence, because public notice of the sale was not advertised in "a newspaper published in the township in which the real estate is located" as required by section 15-1507(c)(2) of the Foreclosure Law. She asserts that the foreclosed property is in Northfield Township; however, the Glenview Announcements are a weekly edition of the Chicago Tribune, which is "published" in downtown Chicago. The trial court held a hearing on the Bank's Motion for Order Approving Sale on October 16, 2019. Rouei did not provide a transcript of the hearing nor did she provide a bystander's report, as required by Illinois Supreme Court Rule 323 (eff. July 1, 2017). Where the issue on appeal relates to the conduct of a hearing or proceedings, the issue is not subject to review absent a report or record of the proceeding. *Hye Ra Han v. William Holloway*, 408 Ill. App. 3d 387, 390 (2011). Without such a record, we must presume that the order entered by the trial court is in conformity with the law and has a sufficient factual basis. *Id.*

¶ 11        Furthermore, it is well-established that defects in the public notice of sale are insufficient to invalidate a judicial sale absent good cause shown. Pursuant to section 15-1508(d):

"Except as provided in subsection (c) of Section 15-1508 [concerning the failure to give notice *to a party*] no sale under this Article shall be held invalid or be set aside because of any defect in the notice thereof or in the publication of the same, or in

4

the proceedings of the officer conducting the sale, except upon good cause shown in a hearing pursuant to subsection (b) of Section 15-1508." 735 ILCS 5/15-1508(d).

¶ 12 "The interested party opposing the sale bears the burden of proving that grounds exist sufficient for the trial court to not enter an order approving the sale." *Sewickley, LLC v. Chicago Title Land Trust Co.,* 2012 IL App (1st) 112977, ¶ 26. In *Cragin Federal Bank for Sav. v. American Nat. Bank and Trust Co. of Chicago*, 262 Ill. App. 3d 115 (2011), the mortgagors moved to vacate an order confirming the sale of property, arguing that the mortgagee only published notice for two weeks in a newspaper which allegedly did not serve the community where the property was located. The court held that a mortgagee's failure to publish a notice of sale for three consecutive weeks or use of a newspaper other than that which specifically served the town where the property was located was insufficient to invalidate a judicial sale, given the complete lack of evidence that the newspaper was so remote from the property as to suggest that the public did not receive adequate notice of the sale or that the property was sold for substantially less than its actual value. *Id.* at 121.

¶ 13 In this case, Rouie attached the following exhibits in opposition to the Bank's motion: (i) 2019 tax year property information for the residence showing that it is located in Glenview, Northfield Township; (ii) a certificate of publication signed by Stefanie Sobie stating that Glenview Announcements is published weekly in the township where the real estate is located; (iii) a newspaper article regarding Glenview Announcements' office closures. The record Rouei has provided on appeal does not contain any evidence that she did not receive proper notice of the judicial sale, that the published notices were "so remote from the property to suggest that the public did not receive adequate notice of the sale" or that the Bank purchased the property for less than

5

its value. Rouei relies solely on *Garcia v. Tully*, 72 Ill. 2d 1, 14 (1978) in support of her position. However, the court in *Garcia* did not examine the Foreclosure Law; rather, the statute at issue in that case was section 104 of the Revenue Act of 1939, which addressed publication for assessments of real property. Therefore, under the clear language of Section 15-1508(d), she cannot show that the sale was invalid merely by alleging that notice was deficient. *Cragin Federal Bank for Sav.*, 262 Ill. App. 3d at 120. Accordingly, we find Rouei's arguments are without merit and that the trial court did not abuse its discretion in confirming the foreclosure sale.

¶ 14    Affirmed.