2020 IL App (1st) 190704-U

FIFTH DIVISION
Order filed: July 24, 2020

No. 1-19-0704

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 16 CH 2181 |
| | ) | |
| DEBORAH DAVIS-JONES, a/k/a DEBORAH JONES, | ) | |
| a/k/a DEBORAH DAVIS, WELLINGTON COURT | ) | |
| HOMEOWNERS ASSOCIATION, UNKNOWN | ) | |
| OWNERS AND NON-RECORD CLAIMANTS, | ) | |
| UNKNOWN HEIRS AND LEGATEES OF ROBERTA | ) | |
| L. DAVIS, WILLIAM P. BUTCHER, as special | ) | |
| representative for Roberta L. Davis, deceased, | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | Patricia S. Spratt, |
| (Deborah Davis-Jones, Defendant-Appellant). | ) | Judge, presiding. |

_____

PRESIDING JUSTICE HOFFMAN delivered the judgment of the court.
Justices Rochford and Delort concurred in the judgment.

**ORDER**

¶ 1 *Held*: We affirm the order of the circuit court confirming the judicial sale of a foreclosed property over the defendant's contention that the notice of sale included a deficient description of the property's improvements.

¶ 2 In this mortgage foreclosure action, the defendant, Deborah Davis-Jones, appeals from an order of the circuit court of Cook County, confirming the judicial sale of her late mother's residence. On appeal, she argues that the circuit court abused its discretion when it confirmed the sale because the public notice of sale did not comply with section 15-1507(c)(1)(D) of the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-507(c)(1)(D) (West 2018). For the reasons that follow, we affirm.

¶ 3 The following facts and procedural history relevant to our disposition of this appeal were adduced from the pleadings and exhibits of record.

¶ 4 On December 30, 2009, Davis-Jones's mother, Roberta Davis, obtained a loan from the plaintiff, Wells Fargo Bank, N.A., (the Bank), for $263,145. The note was secured by a mortgage on real property located at 2884 Queensbridge Dr. in Lynwood, Illinois (the property).

¶ 5 On February 17, 2016, the Bank filed a complaint against Davis to foreclose on the mortgage, alleging that Davis failed to make payments as of October 1, 2015. Subsequently, Davis passed away. On May 12, 2016, the Bank filed a motion to appoint a special representative because no probate estate had been opened for Davis. That same day, the Bank filed a motion to amend its complaint to, *inter alia*, add Davis-Jones as an additional defendant. On June 1, 2016, the court granted both motions and appointed William P. Butcher as special representative. The Bank filed its amended complaint to foreclos the mortgage that same day. As of the filing of the Bank's amended foreclosure complaint, the amount due on the note was $237,224.34.

¶ 6 On February 15, 2018, Davis-Jones filed her answer and affirmative defenses to the amended foreclosure complaint. On April 20, 2018, the Bank moved for a judgment of foreclosure and sale. The same day, the Bank moved for summary judgment or, in the alternative, for judgment pursuant to 735 ILCS 5/15-1506 of the Foreclosure Law. On August 2, 2018, the circuit court entered a judgment of foreclosure and sale and an order of summary judgment in favor of the Bank.

¶ 7 On October 2, 2018, the Bank filed a notice of sale in which it set forth the following description of the property:

"LOT 5 IN WELLINGTON COURT SUBDIVISION, BEING A SUBDIVISION IN PART OF THE SOUTHEAST ¼ OF THE SOUTHEAST ¼ OF SECTION 12, TOWNSHIP 35 NORTH, RANGE 14, AND THE SOUTHWEST ¼ OF THE SOUTHEAST ¼ OF SECTION 12, TOWNSHIP 35 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED NOVEMBER 3, 2005 AS DOCUMENT 0530727062, IN COOK COUNTY, ILLINOIS.

Commonly known as 2284 QUEENSBRIDGE DRIVE, LYNWOOD, IL 60411.

Property Index No. 32-12-411-005-0000.

The real estate is improved with a residence."

The bank subsequently filed certificates of publication from the Chicago Daily Law Bulletin and the Daily Southtown.

¶ 8 On November 20, 2018, the Bank moved to approve the sale of the property, attaching a report of sale and distribution reflecting that the Bank successfully bid $182,500 for the property. On December 26, 2018, Davis-Jones filed an opposition to the Bank's motion to approve the sale,

arguing that the description of the improvements to the property in the notice of sale was insufficient.

¶ 9    On March 8, 2019, the circuit court entered an order approving the sale, finding that "all notices required by 735 ILCS 5/15-1507(c) have been properly given." This appeal followed.

¶ 10    On appeal, Davis-Jones argues that the circuit court abused its discretion when it confirmed the sale of the property because the notice of sale did not comply with section 15-1507(c)(1)(D) of the Foreclosure Law due to the vague and insufficient description of the improvements to the property.

¶ 11    At the outset, we must first address the Bank's argument that we should strike Davis-Jones's brief for failure to comply with Illinois Supreme Court Rule 341(h)(7). Under Rule 341(h)(7), an appellant's argument "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018). "Citations to authority that set forth only general propositions of law and do not address the issues presented do not constitute relevant authority for purposes of Rule 341(h)(7)." *Robinson v. Point One Toyota, Evanston*, 2012 IL App (1st) 111889, ¶ 54. "[A] reviewing court is not simply a depository into which a party may dump the burden of argument and research." *People ex rel. Illinois Department of Labor v. E.R.H. Enterprises*, 2013 IL 115106, ¶ 56; see also *Walters v. Rodriguez*, 2011 IL App (1st) 103488, ¶ 6 (holding that appellate courts are not required to "complete legal research to find support for" an appellant's arguments). "Issues that are ill-defined and insufficiently presented do not satisfy" Rule 341(h)(7) and are considered forfeited. *Walters*, 2011 IL App (1st) 103488, ¶ 6.

¶ 12 Here, the Bank contends that Davis-Jones did not cite to any authority to support her claims on appeal. In response, Davis-Jones argues that this is an issue of first impression, and therefore, there was no authority available to cite. Although we acknowledge that there does not appear to be a case that shares identical facts with the instant case, we remind Davis-Jones that it is possible to cite to authority in order to distinguish and analogize a set of facts. In the future, it is strongly advised that she do so. Nevertheless, we decline the Bank's invitation to strike Davis-Jones's brief and dismiss her appeal.

¶ 13 Turning to the merits, it is well established that the provisions of the Foreclosure Law "have been construed as conferring on circuit courts broad discretion in approving or disapproving judicial sales*." Household Bank, FSB v. Lewis*, 229 Ill. 2d 173, 178 (2008). Therefore, we will not reverse the court's approval of a judicial sale absent an abuse of discretion. *MidFirst Bank v. Riley*, 2018 Il App (1st) 171986, ¶ 37; *Credit Union 1 v. Carrasco*, 2018 Il App (1st) 172535, ¶ 22. The circuit court abused its discretion if it committed an error of law or where no reasonable person would take the view adopted by the court. *CitiMortgage, Inc. v. Lewis*, 2014 IL App (1st) 131272, ¶ 31.

¶ 14 Whether a trial court properly approved or confirmed a sale of foreclosed property is governed by section 15-1508(b) of the Foreclosure Law, which provides, in pertinent part, as follows:

"Upon motion and notice in accordance with court rules applicable to motions generally, which motion shall not be made prior to sale, the court shall conduct a hearing to confirm the sale. Unless the court finds that (i) a notice required in accordance with subsection (c) of Section 15-1507 was not given, (ii) the terms of sale were unconscionable,

(iii) the sale was conducted fraudulently, or (iv) justice was otherwise not done, the court shall then enter an order confirming the sale." 735 ILCS 5/15-1508(b). The objecting party bears the burden of proving that sufficient grounds exist to disapprove of a judicial sale. *Bayview Loan Servicing, LLC v. 2010 Real Estate Foreclosure, LLC*, 2013 IL App (1st) 120711, ¶ 32.

¶ 15    Under section 15-1508(b)(i), notice must be provided in accordance with section 15-1507(c), which mandates "public notice of the sale." 735 ILCS 5/15-1507(c); 1508(b)(i) (West 2018). Section 15-1507(c)(1) states that "[t]he notice of sale shall include at least the following information, but an immaterial error in the information shall not invalidate the legal effect of the notice." 735 ILCS 5/15-1507(c)(1) (West 2018). One piece of information that must be included in the public notice is "a description of the improvements on the real estate." 735 ILCS 5/15-1507(c)(1)(d) (West 2018).

¶ 16    Here, Davis-Jones argues that the notice of sale did not comply with section 15-1507(c) of the Foreclosure Law, and as a consequence, the circuit court abused its discretion when it confirmed the sale. Specifically, she contends that the description of the property provided in the notice of sale, which states that "[t]he real estate is improved with residence," is insufficient and vague.

¶ 17    The Bank responds that the notice of sale complied with the notice provisions of section 15-1507(c)(1). It also contends that, even if we find that the description contained in the notice of sale was somehow defective, section 15-1507(c)(1) states that only material errors will invalidate the legal effect of a notice of sale and this error was not material. We agree with the Bank.

¶ 18    The record reflects that the notice of sale includes the following description of the improvements to the property: "The real estate is improved with residence." Put simply, the notice of sale includes "a description of the improvements on the real estate," as required by section 15-1507(c)(1)(D). 735 ILCS 5/15-1507(c)(1)(D) (West 2018). Davis-Jones does not provide any authority to support her claim that this description is in some way insufficient to satisfy those requirements. Rather, she argues, in a conclusory fashion, that the description is "vague." She also contends, again without citing to authority, that "[a] proper, statutorily sufficient description" would be the following: "2 story single family residence with walkout basement, exterior front brick, wood paneling on sides and back." However, there is nothing in section 15-1507(c)(1)(D) that requires the notice of sale's description of the improvements to the property to include the level of specificity urged by Davis-Jones. Consequently, we cannot say that the circuit court committed an error of law or that no reasonable person would take the view adopted by the court.

¶ 19    That said, even if we were to find that the description of the improvements in the notice of sale was deficient, we would still find that the circuit court did not abuse its discretion because Davis-Jones has not shown that the deficiency was material. Section 15-1507(c)(1) of the Foreclosure Law states that "an immaterial error in the information shall not invalidate the legal effect of the notice." 735 ILCS 5/15-1507(c)(1) (West 2018). Thus, Davis-Jones was required to show that the defect in the notice of sale was material, and she has failed to do so here.

¶ 20    To begin, we note that, at no point in these proceedings has Davis-Jones acknowledged that the Foreclosure Law requires her to show materiality. As far as this court can tell, the closest she has come to making any such argument is her contention that the deficient description of the property in the notice of sale contributed to the property's low sale price by not informing third-

party bidders of the improvements to the property. Even if we were to assume this is an argument in support of materiality, we find that Davis-Jones's conclusory allegation that the description of the property contributed to the low sale price fails. For one, she has not provided any evidence to establish that the property was sold at a price significantly below its value. Nor has she provided any evidence to suggest that adding the information she sought would have resulted in the property being sold for a higher price or attracted more bidders. In sum, she has failed to show that the allegedly deficient description was material.

¶ 21    For these reasons, we affirm the judgment of the circuit court of Cook County.

¶ 22    Affirmed.