2024 IL App (1st) 231061-U

No. 1-23-1061

Order filed May 10, 2024

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| HSBC BANK, USA, N.A., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2018 CH 16093 |
| | ) | |
| DWAYNE A. WALKER and | ) | Honorable Jean M. Cocozza |
| MOGDA S. WALKER, | ) | Judge, Presiding. |
| | ) | |
| Defendants-Appellants. | ) | |

JUSTICE NAVARRO delivered the judgment of the court.
Justices Mikva and Lyle concurred in the judgment.

**ORDER**

¶ 1    *Held:*    The trial court did not abuse its discretion in confirming the judicial sale of the property where defendants contended that the public notice of the sale was deficient under the Illinois Mortgage Foreclosure Law but did not show that good cause existed to invalidate the sale; affirmed.

¶ 2    Defendants-Appellants, Dwayne A. Walker and Mogda S. Walker, appeal from the trial court's order confirming the judicial sale of their property under the Illinois Mortgage Foreclosure Law (IMFL) (735 ILCS 5/15-1501 *et. seq.* (West 2022)). They argue the court erred in confirming the sale because Plaintiff-Appellee, HSBC Bank USA, N.A., did not comply with the public notice of sale requirements under section 15-1507(c)(2) of the IMFL (735 ILCS 5/15-1507(c)(2) (West

2022)) because the newspaper that advertised the sale was not published in the township in which the property is located. We affirm.

¶ 3                                                  I. BACKGROUND

¶ 4        In December 2018, plaintiff filed a complaint for foreclosure against defendants requesting to foreclose the mortgage on defendants' residential property located in Olympia Fields, Illinois (property). Plaintiff alleged that in June 2018, defendants defaulted on the payment of principal and interest they owed to plaintiff pursuant to a promissory note in the original amount of $288,000 and a mortgage on the property securing payment of the note executed in 2006. Plaintiff alleged that defendants owed plaintiff $294,681.40.

¶ 5        In April 2021, the trial court granted summary judgment in favor of plaintiff and against defendants and entered a judgment of foreclosure and sale order, which provided that defendants owed plaintiff $330,396.83, including attorney's fees and costs.

¶ 6        On December 14, 2021, plaintiff filed a notice of sale for the property and thereafter filed certifications of publication in the Chicago Daily Law Bulletin and The Citizen Suburban Times Weekly (CSTW). As for the CSTW publication, plaintiff filed two certifications, one on January 6, 2022, and one on January 13, 2022, which were signed by Janice Garth as the publisher representative. The certifications stated that the newspaper was published weekly "in the township where the real estate is located" in Cook County, Illinois continuously for more than one year prior to the first date of the publication of the notice of the sale and that the newspaper is "of general circulation throughout said township, County and state." The certifications provided that the notice was published in the CSTW on December 22, 2021, December 29, 2021, and January 5, 2022, and that the notice was also placed on the statewide public notice website.

¶ 7 On February 28, 2022, plaintiff filed a report of sale and distribution, providing that at the public auction, plaintiff successfully bid $247,500 for the property. On that same day, plaintiff moved to approve the report of sale of the property, arguing that plaintiff was the purchaser of the property at the foreclosure sale and that defendants owed a personal deficiency after the sale in the amount of $124,646.61.

¶ 8 Defendants filed a response to plaintiff's motion for order approving sale, arguing that plaintiff did not comply with section 15-1507(c)(2) of the IMFL, because it did not advertise the sale in a newspaper published in the township where the property is located. Defendants asserted that the property is located in Rich Township but that the CSTW is published in the Chatham neighborhood in Chicago.

¶ 9 On September 27, 2022, the court held an evidentiary hearing on plaintiff's motion to approve the sale of the property. At the hearing, the parties stipulated that the notice of the sale published in the Chicago Daily Law Bulletin complied with the IMFL and that the notice of the sale published in the CSTW complied with section 15-1507(c)(1) of the IMFL. The parties also stipulated that the "following municipalities are in Rich Township, Illinois": Country Club Hills, Flossmoor, Hazel Crest, Homewood, Matteson, Olympia Fields, Park Forest, Richton Park, Tinley Park, and University Park. The parties further stipulated that "the only issue for this Court to decide *** is whether the notice published in the Citizen Suburban Times Weekly newspaper was *** published in the township in which the real estate is located."

¶ 10 Janice Garth, the general manager of the Citizen Newspaper Group, Inc., which published the CSTW newspaper, was the only witness. She testified that the CSTW is located at 8741 South Greenwood, in Chicago, which is where it edits, copies, advertises, and sells subscriptions. CSTW outsources the printing and distribution of the newspapers to a third party.

Garth testified that the CSTW reports on matters concerning Rich Township. In response to the question, "[i]n what sense is the [CSTW] published in Rich Township," Garth responded that the newspaper is circulated in Rich Township.

¶ 11    Garth further testified that the CSTW was circulated via "grab-and-go" circulation drops, which are locations where people can pick up copies of the newspaper. The notice of sale for the property was published in the CSTW on December 22, 2021, December 29, 2021, and January 5, 2022, and it was circulated to the general public in Cook County. On these three dates, the circulation spots for the newspaper included, among others, 10 locations located in 5 of the municipalities that the parties had stipulated were located in Rich Township, which included 3 locations in Olympia Fields. She identified an exhibit showing the circulation spots, and the three circulation spots in Olympia Fields were at "Redwood Luxe Bar," "Bizoios Fresh Market," and "Sunrise Villa Senior Living." Garth was not aware of any weekly newspapers that print their newspapers or have their main office in Country Club Hills, Flossmoor, Hazel Crest, Homewood, Matteson, Olympia Fields, Park Forest, Richton Park, Tinley Park, or University Park.

¶ 12    Following the hearing, the court ordered the parties to submit written closing arguments and proposed findings. In plaintiff's written closing argument, it argued, among other things, that defendants failed to meet their burden of proving that good cause existed to disapprove the judicial sale of the property. Plaintiff argued that the notices were not so remote from the property in Olympia Fields to suggest that the public did not receive adequate notice of the sale. Plaintiff maintained that the evidence showed that it gave public notice of the sale in the CSTW newspaper in Rich Township and that the notice was circulated in 10 locations in 5 municipalities in Rich Township, which included 3 locations in Olympia Fields.

¶ 13      In defendants' written closing argument, they argued that the public notice of sale in the CSTW did not comply with section 15-1507(c) of the IMFL because it was not publicized in a newspaper published in Rich Township, as the CSTW was published in its office in Chicago. Citing *Garcia v. Tully,* 72 Ill. 2d 1, 14 (1978), defendants maintained that the circulation of a newspaper within a township does not mean that a newspaper is published in that township, as circulation of a newspaper and publishing a newspaper are not the same. Defendants asserted that it was irrelevant that the CSTW was circulated at "some restaurants, gas stations, convenience stores and the like" in Rich Township.

¶ 14                                    Trial Court's Order

¶ 15      In a written order, the court granted plaintiff's motion to approve the sale. In doing so, the court stated that *Garcia* "may compel the conclusion" that the notice in the CSTW did not comport with section 15-1507(c)(2) of the IMFL, but that under section 15-1508(d), "defects in the public notice of sale or in the publication of the sale are insufficient to invalidate a judicial sale absent good cause shown." The court concluded that defendants failed to show "that good cause exists to prevent approval of the sale" and they failed "to refute the ample evidence that [the CSTW] was not so remote from the property as to suggest that the public did not receive adequate note of the sale." This appeal follows.

¶ 16                                    II. ANALYSIS

¶ 17      On appeal, defendants contend that the trial court erred when it approved the sale because plaintiff's notice in the CSTW did not comply with section 15-1507(c)(2) of the IMFL, as the notice was not advertised in "a newspaper published in the township in which the real estate is located." Defendants assert that plaintiff advertised the notice of the sale in the CSTW, which is published in Chicago, not in Rich Township. They maintain that although the CSTW may be

5

distributed "to a limited extent" in Rich Township, it is not published there. They contend the court erred when it concluded that based on section 15-1508(d) of the IMFL, the defect in notice did not invalidate the sale.

¶ 18      We review a trial court's decision to approve a judicial sale under the abuse of discretion standard. *CitiMortgage, Inc. v. Bermudez*, 2014 IL App (1st) 122824, ¶ 57. "A court abuses its discretion when it acts arbitrarily without the employment of conscientious judgment or if its decision exceeds the bounds of reason and ignores principles of law such that substantial prejudice has resulted." *MidFirst Bank v. Riley*, 2018 IL App (1st) 171986, ¶ 37.

¶ 19      Section 15-1508(b) of the IMFL (735 ILCS 5/15-1508(b) (West 2022)) governs a trial court's "analysis in approving or disapproving a sale and is the only means under which a defendant can move to set aside a sale." *CitiMortgage, Inc.*, 2014 IL App (1st) 122824, ¶ 59. This section provides, in part, as follows:

"Upon motion and notice in accordance with court rules applicable to motions generally, which motion shall not be made prior to sale, the court shall conduct a hearing to confirm the sale. Unless the court finds that (i) a notice required in accordance with subsection (c) of Section 15-1507 was not given, (ii) the terms of sale were unconscionable, (iii) the sale was conducted fraudulently, or (iv) justice was otherwise not done, the court shall then enter an order confirming the sale." 735 ILCS 5/15-1508(b) (West 2022).

¶ 20      Section 15-1507(c) sets forth the requirements for the notice of the sale, and in subsection (c)(2), it provides, in relevant part, as follows:

"(2) The notice of sale shall be published at least 3 consecutive calendar weeks (Sunday through Saturday), once in each week *** by: (i) (A) advertisements in a newspaper circulated to the general public in the county in which the real estate is located, in the

section of that newspaper where legal notices are commonly placed and (B) separate advertisements in the section of such a newspaper, \*\*\* in which real estate other than real estate being sold as part of legal proceedings is commonly advertised to the general public; \*\*\* in counties with a population of more than 3,000,000, the notice required by this item (B) shall be published in a newspaper different from the newspaper that publishes the notice required by item (A), *and the newspaper in which the notice required by this item (B) is published shall be a newspaper published in the township in which the real estate is located* \*\*\*." (Emphasis added) *Id.* § 15-1507(c)(2).

As previously noted, defendants contend that plaintiff did not comply with the public notice requirements in section 15-1507(c)(2) because it did not advertise the notice in a newspaper that is published in the township in which the real estate is located. They assert that the notice was advertised in the CSTW, which is published in Chicago, not in Rich Township where the property is located.

¶ 21    However, under section 15-1508(d) of the IMFL (*Id.* § 15-1508(d)), a defect in the public notice does not invalidate a sale unless good cause is shown. See *U.S. Bank Trust, N.A. v. Rouei*, 2020 IL App (1st) 192164-U, ¶ 11[1] ("[I]t is well-established that defects in the public notice of sale are insufficient to invalidate a judicial sale absent good cause shown."). Specifically, section 15-1508(d) states:

"Except as provided in subsection (c) of Section 15-1508 [which addresses the failure to give notice to a party], no sale under this Article shall be held invalid or be set aside because of any defect in the notice thereof or in the publication of the same, or in the

---

[1] Unpublished Rule 23 orders filed on, or after, January 1, 2021, "may be cited for persuasive purposes." Ill S. Ct. R. 23(e)(1) (eff. Feb. 1, 2023).

proceedings of the officer conducting the sale, except upon good cause shown in a hearing pursuant to subsection (b) of Section 15-1508." *Id.*

Further, "[t]he party opposing the foreclosure sale bears the burden of proving that sufficient grounds exist to disapprove the sale." *U.S. Bank National Association as Trustee for C-Bass Mortgage Loan Asset-Backed Certificates, Series 2006-CB2 v. Sharif*, 2020 IL App (1st) 191013, ¶ 10.

¶ 22     In *Cragin Federal Bank for Savings v. American National Bank and Trust Co. of Chicago*, 262 Ill. App. 3d 115, 120 (2011), which addressed section 15-1508(d) and a case upon which the trial court relied, the defendants did not argue that they themselves did not receive proper notice, and the reviewing court stated that, therefore, under section 15-1508(d) the defendants had to show "good cause" to set aside the sale. *Id.* at 120. The defendants argued that the foreclosure sale was invalid because the bank did not advertise the sale in a newspaper that directly served the town in which the property was located and did not advertise the notice for three consecutive weeks as required by section 15-1507(c) of the IMFL (735 ILCS 5/15-1507(c)(2) (West 1992)). *Id.* at 118, 120. The court concluded that the defendants did not establish good cause for setting aside the sale, finding that there was no evidence that the newspapers that published the notices of the public sale "were so remote from the property as to suggest that the public did not receive adequate notice of the sale" or that the bank "paid significantly less than the value of the property." *Id.* at 121-22.

¶ 23     Here, defendants do not argue that they did not receive notice of the sale. Therefore, under section 15-1508(d), defendants must show good cause to invalidate the sale based on a defect in notice under section 15-1507(c)(2). See *id.* However, defendants have not argued or demonstrated that good cause existed to invalidate the sale based on a defect in the public notice.

See *Sharif*, 2020 IL App (1st) 191013, ¶ 21 (stating that "[e]ven assuming a defect occurred in the content of the notice of sale, defendant fails to demonstrate good cause under section 15-1508(d) so as to have the sale held invalid or set aside"). The notices were published on the 3 dates in the CSTW newspaper that was circulated in 10 locations located in 5 of the municipalities that the parties had stipulated were in Rich Township. Three of these locations were in Olympia Fields, which is where the property is located. Based on this record, the notices were not "so remote from the property to suggest that the public did not receive adequate notice of the sale" and defendants did not provide evidence demonstrating that plaintiff purchased the property for significantly less than the actual value of the property such that good cause existed to invalidate the sale. See *Rouei*, 2020 IL App (1st) 192164-U, ¶¶ 12-13; *Cragin Federal Bank for Savings*, 262 Ill. App. 3d at 121-22.

¶ 24      Defendants cite *Garcia* to support their argument that circulation and publication of a newspaper are different and that we should reverse the trial court's order confirming the sale because the public notice in the CSTW was published in Chicago and not in Rich Township where the property is located in violation of section 15-1507(c)(2) of the IMFL. However, in *Garcia*, the court reviewed a statute in section 104 of the Internal Revenue Act of 1939 regarding the publication of property tax assessments, and it did not consider the public notice section in the IMFL. *Garcia,* 72 Ill. 2d at 11-12; see *Rouei*, 2020 IL App (1st) 192164-U, ¶ 13. As previously discussed, under section 15-1508(d) of the IMFL, defendants must show that good cause existed to invalidate the sale based on an alleged defect in the public notice. Defendants however have not argued or demonstrated that good cause to invalidate the sale based on a defect in public notice of the sale. We are therefore unpersuaded by defendants' reliance on *Garcia* to invalidate the sale.

¶ 25                                    III. CONCLUSION

¶ 26    In sum, the trial court did not abuse its discretion in confirming the judicial sale of the property. For the reasons explained above, we affirm the trial court's judgment.

¶ 27    Affirmed.