CRAGIN FEDERAL BANK FOR SAVINGS, Plaintiff-Appellee, v. AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, as Trustee, *et al.*, Defendants (Steven C. Herman *et al.*, Defendants-Appellants).

Second District    No. 2—93—0030

Opinion filed May 6, 1994.—Rehearing denied June 9, 1994.

Richard M. Kates, of Chicago, for appellants.

William J. Hurley III, of Rock, Fusco, Reynolds & Garvey, Ltd., of Chicago, for appellee.

JUSTICE PECCARELLI delivered the opinion of the court:

Defendants Steven and Jeanne Herman appeal the trial court's refusal to vacate an order confirming the sale of certain property to plaintiff, Cragin Federal Bank for Savings (Bank), after the Bank foreclosed the mortgage on the property. The Hermans claim that the sale unfairly left them liable for an excessive deficiency because (1) the Bank failed to publish adequate notice of the sheriff's sale pursuant to section 15—1507(c)(2) of the Illinois Mortgage Foreclosure

Law (Foreclosure Law) (735 ILCS 5/15—1507(c)(2) (West 1992)) and (2) the Bank's bid for the property was substantially less than the value of the property.

On December 18, 1991, the Bank filed a complaint against defendants to foreclose a mortgage on certain property in Lake Forest. The Bank claimed that defendants owed $1,133,636.98, with interest continuing to accrue. On May 18, 1992, the trial court entered a judgment of foreclosure and sale. This judgment reflected that defendants were indebted to the Bank in the amount of $1,251,795.48. The validity of this judgment is not in dispute.

Defendants failed to redeem the property pursuant to section 15—1603 of the Foreclosure Law (735 ILCS 5/15—1603 (West 1992)). On August 31, 1992, the Bank filed a notice of sale along with a sheriff's report of sale and distribution reflecting that the Bank successfully bid $950,000 for the property. The Bank attached certificates of publication by William Schroeder of the Vernon Hills News, who attested that the notices of the sale of the property were published in the Vernon Hills News for three consecutive weeks from August 7, 1992, to August 21, 1992. The trial court confirmed the sale and entered a judgment against the Hermans for a $337,738.90 deficiency.

On September 30, 1992, the Hermans filed a motion to vacate the confirmation of sale. The Hermans alleged that the notice of sale violated section 15—1507(c) of the Foreclosure Law because it failed to state the case title, case number, and the court in which the foreclosure was filed. They also claimed that "the terms of the sale were unconscionable and justice was otherwise not done" because the Bank published notice in the Vernon Hills News, which, according to the Hermans, does not serve the community of Lake Forest. The Hermans further claimed that the Bank's appraisal of the property was improperly low.

In response, the Bank attached an appraisal which valued the property at $950,000. It also attached the affidavit of William Schroeder, an employee of Lakeland Publishers, which published the notices. Schroeder stated that the legal notice appeared in the Vernon Hills News, which had a circulation of 1,945. The notice also appeared in the real estate section of 13 papers in Lake County including Antioch, Lake Villa, Vernon Hills, Mundelein, Lindenhurst, Wauconda, Lake Zurich, Warren, Libertyville, Newport, North Chicago, Fox Lake, Round Lake and Grayslake, with a total circulation of 40,654.

The Hermans filed a reply which stated that the notice did not appear in the legal notice and real estate sections of the newspaper

for three consecutive weeks as required by section 15—1507(c)(2). They attached a copy of the August 21, 1992, real estate section of "Lakeland Newspapers." No notice of the sale of the property in question appears in this attached newspaper. The Hermans also included the testimony of Byron Himelich, who valued the property at $1,235,000. Himelich was a real estate agent who averaged $15 million to $33 million in sales per year, 85% to 90% of which were in Lake Forest. Himelich testified that he was familiar with property values in the area and often gave advice to appraisers, but was not an expert appraiser.

The trial court denied the Hermans' motion to vacate the confirmation of sale. The trial court found that "there [was] no evidence or showing by movant or in the record of any ulterior motive, bad faith or fraud of Cragin to maximize the deficiency at sheriff's sale [sic] or otherwise prevent or inhibit the proper conduct of said sale." The Hermans filed a timely notice of appeal.

On appeal the Hermans argue that the trial court erred in failing to vacate the confirmation of sale because the Bank did not adequately advertise the sale of the property to potentially interested buyers. In particular, the Bank did not advertise the sale in a publication that serves Lake Forest and did not advertise the property for three consecutive weeks. The Hermans further argue that the Bank was therefore able to obtain the property for far less than its value, thereby leaving the Hermans with an excessive deficiency. The Hermans concede that the failure of the Bank to include in the published notices the case title, case number, and court in which action was filed were immaterial errors which did not, in themselves, invalidate the sale. See 735 ILCS 5/15—1507(c)(1) (West 1992).

Whether to grant a motion to vacate a judgment rests within the sound discretion of the trial court. (*Espedido v. St. Joseph Hospital* (1988), 172 Ill. App. 3d 460, 467; 735 ILCS 5/2—1301(e) (West 1992).) We will not disturb a trial court's denial of a motion to vacate a judgment unless the trial court has abused its discretion or there has been a denial of substantial justice to the parties. *Venzor v. Carmen's Pizza Corp.* (1992), 235 Ill. App. 3d 1053, 1057.

■ Section 15—1507(c)(2) of the Foreclosure Law requires that the public notice of the sale be as follows:

"The notice of sale shall be published at least 3 consecutive calendar weeks (Sunday through Saturday), once in each week, the first such notice to be published not more than 45 days prior to the sale, the last such notice to be published not less than 7 days prior to the sale, by: (i)(A) advertisements in a newspaper circulated to the general public in the county in which the real

estate is located, in the section of that newspaper where legal notices are commonly placed and (B) separate advertisements in the section of such a newspaper *** in which real estate other than real estate being sold as part of legal proceedings is commonly advertised to the general public ***." (735 ILCS 5/15—1507(c)(2) (West 1992).)

Section 15—1508(b) of the Foreclosure Law provides, in part:

"Upon motion and notice in accordance with court rules applicable to motions generally, which motion shall not be made prior to sale, the court shall conduct a hearing to confirm the sale. Unless the court finds that (i) a notice required in accordance with subsection (c) of Section 15—1507 was not given, (ii) the terms of sale were unconscionable, (iii) the sale was conducted fraudulently or (iv) that justice was otherwise not done, the court shall then enter an order confirming the sale." (735 ILCS 5/15—1508(b) (West 1992).)

However, under section 15—1508(d):

"Except as provided in subsection (c) of Section 15—1508 [concerning the failure to give notice to a party], no sale under this Article shall be held invalid or be set aside because of any defect in the notice thereof or in the publication of the same, or in the proceedings of the officer conducting the sale, except upon good cause shown in a hearing pursuant to subsection (b) of Section 15—1508." 735 ILCS 5/15—1508(d) (West 1992).

■ We will first consider the Hermans' argument that the sale was invalid because the Bank did not advertise the sale for three consecutive weeks. The Bank attached to its motion for confirmation of the sheriff's sale the certificates of publication from the Vernon Hills News. Schroeder, of the Vernon Hills News, certified that the newspaper ran two notices, and each notice was published for three consecutive weeks beginning on August 7, 1992, and ending on August 21, 1992. However, it appears from the newspaper clippings that the Hermans supplied that the newspaper did not run the notice on August 21, 1992.

The Hermans rely on *First Federal Savings & Loan Association v. Chapman* (1983), 116 Ill. App. 3d 950, to support their contention that the Bank's failure to publish the notice of the public sale on the third consecutive week invalidates the sale. In *First Federal*, the mortgagee provided defendants and the public with the appropriate notices of foreclosure sales that were to take place in March. However, the trial court continued the sales several times, and the sales eventually took place in June. (*First Federal*, 116 Ill. App. 3d at 952-53.) Nonetheless, the mortgagee failed to republish notices to reflect June as the date of the sale. In addition, although it provided

defendants with notice of the June dates, it did not do so at the proper time. (*First Federal*, 116 Ill. App. 3d at 957.) The court determined that the sales should have been vacated because the mortgagee had failed to follow the statutory scheme for judicial sales. (*First Federal*, 116 Ill. App. 3d at 957-58.) The court reasoned that "[e]specially in this area of foreclosure, strict compliance with the applicable law is the requirement." *First Federal*, 116 Ill. App. 3d at 958.

*First Federal*, however, was decided prior to the enactment of the Foreclosure Law. Under the Foreclosure Law, a party who was entitled to notice of a sale but who did not receive such notice is entitled to have the sale set aside. (735 ILCS 5/15—1508(c) (West 1992).) Otherwise, no public sale is invalid "because of any defect in the notice thereof or in the publication of the same *** *except upon good cause shown* in a hearing pursuant to subsection (b) of Section 15—1508." (Emphasis added.) (735 ILCS 5/15—1508(d) (West 1992).) There is no suggestion in this case that the Hermans themselves did not receive proper notice of the sheriff's sale. Under the clear language of section 15—1508(d), therefore, the Hermans cannot establish that the sale was invalid merely by showing that the notice was not published on the third consecutive week. They must show "good cause" for setting aside the sale.

■ The Hermans also argue that, by placing the notice of the sale in a Vernon Hills newspaper rather than in a newspaper which serves Lake Forest directly, the Bank prevented justice from being done at the sheriff's sale. The Hermans concede that section 15—1507(c) only requires that the advertisements appear in a newspaper of general circulation in the same *county* as the property. (735 ILCS 5/15—1507(c)(2) (West 1992).) Both the property and the publication in this case were in Lake County, and the Vernon Hills News is a newspaper of general circulation. However, the Hermans argue that the Bank's failure to publish the notices in a newspaper with a connection to the Lake Forest real estate market, coupled with its failure to publish the notice for three consecutive weeks, prevented the Bank from attracting purchasers to the sheriff's sale. Thus, according to the Hermans, the Bank was able to purchase the property for an abnormally low price, and the Hermans became liable for an excessively high deficiency.

The Hermans cite *Webber v. Curtiss* (1882), 104 Ill. 309, which concerned the validity of the public sale of plaintiff's property which had been held as security for a debt. Although the property was located in Urbana, the only notice that either plaintiff or the public received of the public sale was an advertisement that defendant had

placed in a paper in the small town of Rantoul, 18 to 20 miles from Urbana. The court noted that there were two newspapers that circulated widely in Urbana which defendant failed to utilize. It also noted that only a few of the Rantoul paper's subscribers lived in Urbana, and plaintiff was not among them. The court determined that the sale of the property was invalid because defendant had acted in bad faith. (*Webber*, 104 Ill. at 316-17.) The court reasoned that no property owner desiring to sell Urbana property to the highest bidder would have advertised only in Rantoul. (*Webber*, 104 Ill. at 316.) The court also noted that defendant and the purchaser of the property were partners and that defendant was retaliating against plaintiff for a previous incident. *Webber*, 104 Ill. at 317-18.

There is no evidence in this case, however, that the Vernon Hills News and the other Lakeland papers which published notices of the public sale were so remote from the property as to suggest that the public did not receive adequate notice of the sale. Any determination that a Vernon Hills or other Lake County newspaper does not serve Lake Forest or could not attract buyers to Lake Forest would be based on pure speculation. Furthermore, the trial court specifically found that there was no showing that the Bank acted with bad faith, an ulterior motive, or the intent to defraud.

■ The Hermans also argue that the Bank purchased the property for less than its value, thereby leaving them liable for a substantial deficiency. We agree that the sale of the property for substantially less than its actual value could constitute "good cause" for setting aside the sale when coupled with the lack of complete compliance with the notice provisions. That the public sale did not attract a party willing to purchase the property for substantially its value would suggest that the notice was inadequate. However, the Hermans have not established that such was the case here.

The Hermans presented the testimony of a real estate salesman, Himelich, who valued the property at approximately $300,000 more than did the Bank's appraiser. The Bank argues that we should not consider Himelich's testimony because Himelich was not qualified as an expert appraiser. Assuming *arguendo* that the trial court properly considered Himelich's testimony, that testimony does not prove that the Bank obtained the property for substantially less than its value. The Bank supplied an appraisal which set the value of the property at $950,000. Himelich admitted in his deposition that many of the discrepancies between his appraisal and that of the Bank's appraiser were based on differences of opinion or differences in judgment. Although Himelich's appraisal of the property conflicts with the appraisal that the Bank provided, it does not prove that the Bank

paid significantly less than the value of the property. It merely shows, at most, that there is a difference of opinion as to the value of the property. Therefore, the trial court did not abuse its discretion in refusing to vacate its order confirming the sale.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

QUETSCH and COLWELL, JJ., concur.