UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 6, 2006[*]
Decided April 7, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-1753

| | |
|---|---|
| COUNTRYWIDE HOME LOANS INC., | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *Plaintiff-Appellee*, | |
| *v.* | No. 1:03-cv-01132 |
| CHARLES JEFFRIES, *Defendant-Appellant*. | Amy J. St. Eve, *Judge*. |

**O R D E R**

Charles Jeffries appeals from the district court's order confirming the sale of his property pursuant to a judgment of foreclosure. In 1996 Jeffries had executed a mortgage on his residence in Hoffman Estates, Illinois with Countrywide Home Loans, Inc. When he struggled to meet his mortgage payments in 2002, he contracted to sell the property to Thaddeus Zurawski. However, neither Zurawski nor Jeffries made payments on the property after July 2002, prompting Countrywide to file the underlying complaint seeking to foreclose on Jeffries's mortgage. The district court eventually entered a foreclosure judgment and then appointed a special commissioner to conduct a judicial sale of the property on June

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

24, 2004. One day before the sale, Jeffries filed for bankruptcy. The sale was rescheduled for August 6, 2004, when the property was sold to Zurawski, the high bidder.

Countrywide asked the district court to confirm the sale under the Illinois Mortgage Foreclosure Law, 735 ILCS 5/15-1101 *et seq.*, but Jeffries opposed the motion on grounds that (1) he did not receive notice of the rescheduled August 6 sale; (2) the property was sold at a price too low to be conscionable; and (3) confirmation of the sale would be unjust because Zurawski fraudulently induced Jeffries into the real estate contract and then breached it by not paying the mortgage. The district court held a hearing pursuant to section 15-1508(b) of the Mortgage Foreclosure Law but ultimately confirmed the sale, finding that Jeffries had not established "good cause" to invalidate the sale as required by section 15-1508(d) because he provided no evidence that he or anyone on his behalf had enough money to bid on the property at the sale, even if he had been notified of the correct date. The court also held that the sale price of $163,056 was not unconscionable as a matter of law because it was equal to about 61% of the fair market value of the property, and that there was insufficient evidence to conclude that justice was not otherwise done.

Jeffries's brief on appeal is almost devoid of legal argument and supporting authority and nearly fails the requirements for appellants' briefs found in Federal Rule of Appellate Procedure 28(a)(9). *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Nevertheless, generously construing his pro se brief, *id.* at 545, we can discern one issue for review–that the district court improperly concluded that he did not receive adequate notice of the August 6 sale. But Jeffries misunderstands the district court's basis for dismissal. The court made no finding about notice. The court stated only that "even if [Jeffries] had received the notice of that correct date," he failed to prove "good cause" to invalidate the sale under 735 ILCS 5/15-1508(d). Under the Mortgage Foreclosure Law, no public sale is invalid "because of any defect in the notice thereof . . . except upon good cause shown in a hearing pursuant to subsection (b) of section 1508." 735 ILCS 5/15-1508(d); *Craigin Fed. Bank for Sav. v. Am. Nat'l Bank and Trust Co. of Chi.*, 633 N.E.2d 1011, 1014 (Ill. App. Ct. 1994). The district court found that good cause was lacking because Jeffries did not have sufficient means to bid on the property at the sale. Jeffries has not challenged this finding, which we consequently will not disturb.

To the extent he argues that the alleged lack of notice violates constitutional guarantees, those arguments are waived because he raises them for the first time on appeal. *See King v. Ill. State Bd. of Elections*, 410 F.3d 404, 424 (7th Cir. 2005).

AFFIRMED.