2020 IL App (1st) 191013

FIRST DISTRICT
FOURTH DIVISION
September 17, 2020

No. 1-19-1013

|  |  |  |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee for the C-Bass Mortgage Loan Asset-Backed Certificates, Series 2006-CB2, | ) ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellee, | ) ) ) | |
| v. | ) ) | |
| HASAN SHARIF, a/k/a Hasan M. Sharif, a/k/a Hasan M. Srarif; CHARLESZETTA SHARIF; UNKNOWN OWNERS-TENANTS; and NONRECORD CLAIMANTS, | ) ) ) ) | No. 10 CH 1743 |
| Defendants | ) ) | |
| (Hasan Sharif, Defendant-Appellant). | ) ) ) ) | Honorable Gerald V. Cleary, Judge Presiding. |

JUSTICE REYES delivered the judgment of the court, with opinion.
Presiding Justice Gordon and Justice Burke concurred in the judgment and opinion.

## OPINION

¶ 1    In this mortgage foreclosure action, defendant Hasan Sharif (defendant) appeals the circuit court of Cook County's entry of an order approving the sale of the property in question in favor of plaintiff, U.S. Bank National Association, as trustee for the C-Bass Mortgage Loan Asset-Backed Certificates, Series 2006-CB2 (plaintiff). Defendant's contention on appeal is that the circuit court abused its discretion when it confirmed the sale because the public notice of sale

did not comply with section 15-1507(c)(1)(D) of the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1507(c)(1)(D) (West 2018)). For the reasons which follow, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3       On January 14, 2010, plaintiff filed a complaint to foreclose the mortgage against defendant on a single-family residence located at 9004 S. Oglesby Avenue in Chicago (the property). The complaint alleged that defendant was in default for failure to pay his mortgage payment as of May 1, 2009. Plaintiff sought $155,185.65, the remainder due on the note plus interest, as well as attorney costs and fees. The complaint was later amended in 2012 to add Charleszetta Sharif as a defendant and then amended once more in 2015 to include additional allegations.

¶ 4       After a lengthy litigation, involving a motion to dismiss as well as several months of loss mitigation efforts, defendant answered the complaint. Plaintiff then moved for summary judgment. On December 14, 2017, the circuit court granted plaintiff's motion for summary judgment. The court then entered a judgment of foreclosure and sale.

¶ 5       The property proceeded to judicial sale with the notice of sale providing as follows:

          "PUBLIC NOTICE IS HEREBY GIVEN that pursuant to a Judgment of

          Foreclosure and Sale entered in the above cause on December 14, 2017, an agent *** will

          *** sell at public auction to the highest bidder, as set forth below, the following

          described real estate:

          LOT 2 IN BLOCK 2 IN KROEBER AND FULLEM'S FIRST ADDITION TO

          SOUTH SHORE GARDENS, BEING A SUBDIVISION OF THE SOUTHEAST 1/4 OF

          THE SOUTHEAST 1/4 OF THE NORTHEAST 1/4 OF SECTION 1, TOWNSHIP 37

NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Commonly known as 9004 S. OGLESBY AVENUE, CHICAGO, IL 60617

Property Index No. 25-01-230-022

The real estate is improved with a single family residence."

The notice of sale was published in the Chicago Daily Law Bulletin and the Hyde Park Herald. Both publications included the case name, case number, the common address of the property, the property tax identification number, and the statement that the property was "improved with a single family residence." Only the Chicago Daily Law Bulletin included the legal description of the property.

¶ 6    The property was sold for $90,000 to plaintiff on November 15, 2018. Plaintiff moved for the circuit court to confirm the sale. Defendant filed a response in opposition to confirmation of the sale, arguing that the notice of sale was insufficient because it did not include an adequate description of the improvements on the real estate as required by section 15-1507(c)(1)(D) of the Foreclosure Law (735 ILCS 5/15-1507(c)(1)(D) (West 2018)). Defendant maintained that had the property been appropriately described, it would have obtained a higher price at the judicial sale. In response, plaintiff maintained that the description was adequate and, regardless, an immaterial error in the notice of sale did not preclude the circuit court from confirming the sale.

¶ 7    The circuit court granted plaintiff's motion to confirm the sale and entered an *in rem* deficiency on the property in the amount of $250,619.23.[1] In granting the confirmation, the circuit court specifically found that all notices required by section 15-1507(c) of the Foreclosure Law "have been properly given." This appeal followed.

---

[1]There is no report of proceedings included in the record on appeal.

¶ 8                                    II. ANALYSIS

¶ 9      On appeal, defendant contends that the circuit court abused its discretion when it

confirmed the sale where the notice of sale did not comply with section 15-1507(c)(1)(D) of the

Foreclosure Law due to the vague and insufficient description of the improvements to the

property.

¶ 10     We first address our standard of review. The Foreclosure Law, and the case law

interpreting it, is clear that whether the order approving the sale was proper is reviewed for an

abuse of discretion. *Household Bank, FSB v. Lewis*, 229 Ill. 2d 173, 178 (2008). "The circuit

court abuses its discretion if it committed an error of law or where no reasonable person would

take the view adopted by the court." *US Bank, National Ass'n v. Avdic*, 2014 IL App (1st)

121759, ¶ 18. The party opposing the foreclosure sale bears the burden of proving that sufficient

grounds exist to disapprove the sale. *Bayview Loan Servicing, LLC v. 2010 Real Estate*

*Foreclosure, LLC*, 2013 IL App (1st) 120711, ¶ 32.

¶ 11     In this appeal, defendant maintains that the circuit court erroneously confirmed the sale of

the property where the notice of sale was insufficient under section 15-1508(b) of the

Foreclosure Law. 735 ILCS 5/15-1508(b) (West 2018). Under this section, the circuit court shall

confirm the sale of the property unless it finds that one of four grounds exist to disapprove the

sale: "(i) a notice required in accordance with subsection (c) of Section 15-1507 was not given,

(ii) the terms of sale were unconscionable, (iii) the sale was conducted fraudulently, or (iv)

justice was otherwise not done." *Id.*; *Mortgage Electronic Registration Systems, Inc. v. Barnes*,

406 Ill. App. 3d 1, 4 (2010). The Foreclosure Law expressly provides that when "shall" is used,

it means that something is mandatory and not permissive. 735 ILCS 5/15-1105(b) (West 2018);

*Lewis*, 229 Ill. 2d at 178 (holding the trial court must approve the judicial sale unless it finds that any of the four specified exceptions in section 15-1508(b) of the Foreclosure Law are present). Section 15-1508(d) of the Foreclosure Law, in relevant part, further states that

"[e]xcept as provided in subsection (c) of Section of 15-1508, no sale under this Article shall be held invalid or be set aside because of any defect in notice thereof or in the publication of the same *** except upon good cause shown in a hearing pursuant to subsection (b) of Section 15-1508." 735 ILCS 5/15-1508(d) (West 2018).

¶ 12     Defendant maintains that under section 15-1508(b)(i), notice must be provided in accordance with section 15-1507(c), which requires "public notice of the sale." 735 ILCS 5/15-1507(c); 15-1508(b)(i) (West 2018). According to defendant, the description that the property was "improved with a single family residence" does not comply with the statute, as it is vague and "not descriptive." Defendant argues that plaintiff should have described the property with the "actual description of the type and size of the home," as such a description would have enticed more prospective buyers to bid on the property. Defendant observes that this information was known to plaintiff as it conducted inspections of the property during the foreclosure process and, thus, could easily have been included.

¶ 13     In response, plaintiff maintains that the circuit court did not abuse its discretion where the notice of sale satisfied section 15-1507(c) of the Foreclosure Law and, even if the description was inadequate, the error was not material so as to invalidate the legal effect of the notice.

¶ 14     Whether plaintiff's description of the improvements on the real estate satisfies the language of section 15-1507(c)(1)(D) of the Foreclosure Law is a question of statutory construction that we review *de novo. 1010 Lake Shore Ass'n v. Deutsche Bank National Trust Co.*, 2015 IL 118372, ¶ 21. The fundamental objective of statutory construction is to ascertain

and give effect to the intent of the legislature. *Id.* The most reliable indicator of legislative intent is the statutory language, given its plain and ordinary meaning. *Id.* A reasonable construction must be given to each word, clause, and sentence of a statute, and no term should be rendered superfluous. *Id.* In determining the plain meaning of the statute, the court must consider the statute in its entirety, the subject it addresses, and the legislature's apparent intent in enacting it. *Hayashi v. Illinois Department of Financial &Professional Regulation*, 2014 IL 116023, ¶ 16.

¶ 15     We begin by examining the language of the statute at issue. Section 15-1507(c)(1) provides that "[t]he notice of sale shall include at least the following information, but an immaterial error in the information shall not invalidate the legal effect of the notice." 735 ILCS 5/15-1507(c)(1) (West 2018). It further sets forth comprehensive directions as to what is to be included in the notice of sale:

> "(A) the name, address and telephone number of the person to contact for information regarding the real estate;
>
> (B) the common address and other common description (other than legal description), if any, of the real estate;
>
> (C) a legal description of the real estate sufficient to identify it with reasonable certainty;
>
> (D) a description of the improvements on the real estate;
>
> (E) the times specified in the judgment, if any, when the real estate may be inspected prior to sale;
>
> (F) the time and place of the sale;
>
> (G) the terms of the sale;
>
> (H) the case title, case number and the court in which the foreclosure was filed;

(H-1) in the case of a condominium unit to which subsection (g) of Section 9 of the Condominium Property Act [(765 ILCS 605/1 *et seq.* (West 2018))] applies, the statement required by subdivision (g)(5) of Section 9 of the Condominium Property Act;

(H-2) in the case of a unit of a common interest community to which subsection (g-1) of Section 18.5 of the Condominium Property Act applies, the statement required by subdivision (g-1) of Section 18.5 of the Condominium Property Act; and

(I) such other information ordered by the Court." *Id.*

¶ 16    Regarding the description of the property, section 15-1507(c) contains three requirements—a notice must contain a common description, a legal description of the property, and a description of any improvements. *Id.* Defendant does not dispute the fact that the notice contained both a legal and common description—indeed, they appear on the face of the notice. Defendant also acknowledges that the property at issue is a single family residence. What defendant does contest is that merely stating the real estate is improved with a "single family residence" does not satisfy section 15-1507(c)(1)(D).

¶ 17    Examining the language of the statute, we initially observe that the information required by section 15-1507(c)(1) regarding the property is information to which the defendant is already privy. Therefore, this information does not serve to provide the defendant with information about the property for sale, but instead informs prospective buyers. Indeed, defendant concedes as much when he argues that the vague description of the improvements on the real estate caused prospective buyers to lack interest in the property.

¶ 18    Construing the statute as a whole, we disagree with defendant that plaintiff's description did not satisfy section 15-1507(c)(1)(D). See *Hayashi*, 2014 IL 116023, ¶ 16. This section requires plaintiff to include a litany of information about the property in the notice of sale, such

as the case name and number, common address, legal description, and improvements on the real estate. 735 ILCS 5/15-1507(c)(1) (West 2018). With this information, a prospective buyer can, at a minimum, (1) request to review the mortgage foreclosure case file at the clerk's office, (2) visit the property for sale, (3) obtain information from the Cook County Assessor pertaining to the property, and (4) obtain information from the Cook County Recorder of Deeds. In the eventuality that prospective buyers are unable to obtain all of the information they seek with these facts, section 15-1507(c)(1) further provides that the notice of sale must include "the name, address and telephone number of the person to contact for information regarding the real estate." *Id.* Accordingly, prospective buyers may be able to obtain additional information about the condition of the property from the plaintiff itself.[2] It is clear from the plain language of section 15-1507(c)(1) that the legislature's intent in creating these requirements for the notice of sale was to provide enough information to prospective buyers so that they can perform their due diligence prior to bidding on the property. With this in mind, we conclude that plaintiff's description of the improvements of the real estate as being a "single family residence" provided the prospective buyer with enough information so as to allow them to perform their due diligence and thus satisfied section 15-1507(c)(1)(D).

¶ 19     To support this conclusion, we note that, in researching this case, we visited the website of the Cook County Assessor. *BankUnited, National Ass'n v. Giusti*, 2020 IL App (2d) 190522, ¶ 36 ("Generally, courts may take judicial notice of facts that are commonly known or readily verifiable from sources of indisputable accuracy."). After typing the common property address in the search engine, we were able to view information regarding the property at issue. The Cook

---

[2]We note that the person named in the notice of sale to be contacted for information about the property "may, but shall not be required, to provide additional information other than that set forth in the notice of sale." 735 ILCS 5/15-1507(c)(7) (West 2018).

County Assessor's webpage included the following information about the property: (1) a photograph picturing the front of the residence, (2) the square footage of land (3750), (3) the square footage of the building (1108), (4) the age of the residence (63), (5) number of bathrooms (1), and (6) exterior construction (masonry). The assessor's webpage further indicated that the property has a two-car detached garage and a full but unfinished basement. The property does not have central air conditioning, fireplaces, or an attic. The information provided on the publicly available assessor's website is significantly more detailed than the information defendant suggests should have been included in the notice of sale. The fact this level of detail is readily available and easily searchable supports our conclusion that the information included in the notice of sale here was sufficient.

¶ 20     In rendering this determination, we further acknowledge the importance of the procedural posture of this case. Defendant raised this issue during the confirmation hearing under section 15-1508(b)(i) of the Foreclosure Law. Under this section, the circuit court "shall" confirm the sale of the property unless "a notice in accordance with subsection (c) of Section 15-1507 was not given." 735 ILCS 5/15-1508(b)(i) (West 2018). Section 15-1508 further provides, with an exception not at issue here, that "no sale under this Article shall be held invalid or be set aside because of any defect in the notice thereof or in the publication of the same *** *except upon good cause shown*." (Emphasis added.) *Id*. § 15-1508(d).

¶ 21     Even assuming a defect occurred in the content of the notice of sale, defendant fails to demonstrate good cause under section 15-1508(d) so as to have the sale held invalid or set aside. See *id.* Although defendant maintains the description of the improvements on the real estate was not sufficient under section 15-1507(c)(1)(D), this section also provides that "an immaterial error in the information shall not invalidate the legal effect of the notice." Id. § 15-1507(c)(1). Reading

sections 15-1508(d) and 15-1507(c)(1) together, it is apparent that the legislature intended that an "immaterial error in the information" included in the notice of sale would not be sufficient to demonstrate good cause under section 15-1508(d). Even an accurate but arguably incomplete description of the improvements on the real estate, as is the case here, would not rise to the level of a material error and, thus, would not constitute good cause as contemplated by section 15-1508(d). See *World Savings & Loan Ass'n v. Amerus Bank*, 317 Ill. App. 3d 772, 779-80 (2000) (finding the failure of the notice of sale to include specific terms of the bidding process did not rise to the level of a material error so as to constitute good cause under section 15-1508(d) of the Foreclosure Law).

¶ 22    We find *Cragin Federal Bank For Savings v. American National Bank & Trust Co. of Chicago*, 262 Ill. App. 3d 115 (1994), supports this conclusion. There, the reviewing court found that, in order to establish "good cause" to overturn a sale under section 15-1508(d) of the Foreclosure Law, a mortgagor needed to provide evidence that the property sold for substantially less than its actual value as a result of the mortgagee's failure to provide adequate notice. *Id.* at 121. In *Cragin,* the mortgagors moved to vacate the trial court's confirmation of a foreclosure sale because the proper number of public notices was not provided. *Id.* at 117. The mortgagee had successfully bid $950,000 for the subject property, and a deficiency judgment of $337,738.90 was entered against the mortgagors. *Id.* In response to the motion to vacate, the mortgagee submitted an appraisal that valued the property at $950,000. *Id.* The circuit court denied the motion to vacate. *Id.* at 118. On appeal, the mortgagors argued that, due to the mortgagee's failure to provide all requisite public notices, "the [mortgagee] purchased the property for less than its value, thereby leaving [the mortgagors] liable for a substantial deficiency." *Id*. at 121.

¶ 23 The reviewing court agreed with the circuit court that the mortgagors had not established "good cause" to overturn the sale under section 15-1508(d) of the Foreclosure Law (735 ILCS 5/15-1508(d) (West 1992)). *Cragin*, 262 Ill. App. 3d at 121. The *Cragin* court noted that the mortgagors made no claim that they themselves were not notified of the sale pursuant to section 15-1507(c)(3) of the Foreclosure Law (735 ILCS 5/15-1507(c)(3) (West 1992)). *Cragin*, 262 Ill. App. 3d at 121 at 120. As for the flaws in the public notices, the court stated that they alone were not enough to constitute "good cause" for invalidating the sale. *Id.* at 121. The court further recognized that "the sale of the property for substantially less than its actual value could constitute 'good cause' for setting aside the sale when coupled with the lack of complete compliance with the notice provisions." *Id.* The *Cragin* court explained: "That the public sale did not attract a party willing to purchase the property for substantially its value would suggest that the notice was inadequate." *Id.* The court found that, despite the "substantial" deficiency judgment, the mortgagors failed to demonstrate that the property was sold for substantially less than its actual value. Thus, they did not establish that the sale was vitiated by the failure to provide the proper public notice. *Id.*

¶ 24 Here, as in *Cragin*, defendant fails to demonstrate good cause to invalidate the sale. First, as previously discussed, even if we were to construe plaintiff's description of the improvements to the property as being an error, it did not rise to the level of a material error. See 735 ILCS 5/15-1507(c)(1) (West 2018). Using the information provided in the notice, prospective buyers would have been able to perform their due diligence in researching the property prior to bidding at a judicial sale. Second, defendant never demonstrated through any admissible evidence that the sale price of $90,000 was grossly inadequate. Whereas in *Cragin*, at least one appraisal was entered into evidence for the circuit court to review, no such appraisal of the property was

proffered by defendant here. See *Cragin*, 262 Ill. App. 3d at 117. Instead, defendant merely speculates that the insufficient description of the property contributed to the low sale price "of less than 26% of the judgment amount" as it did not adequately inform prospective buyers who sought the type of home at issue. We note that the report of sale indicated that the amount due under the judgment was $306,522.03. The report of sale also included interest ($24,779.95), publication costs ($1150), postjudgment advances ($7817.25), and a selling officer commission ($350), for a total amount due of $340,619.23. Plaintiff bid $90,000 at the judicial sale, leaving a deficiency of $250,619.23. However, the judgment amount is not equivalent or representative of the value of the property. See *Illini Federal Savings & Loan Ass'n v. Doering*, 162 Ill. App. 3d 768, 771 (1987) ("There is no requirement that the sale price be equal to the value of the property, and there is no provision for determining the value of the property in setting the amount of the deficiency."). Indeed, the initial mortgage foreclosure complaint in this case was filed in 2010. Over the eight years it took for the property to be up for judicial sale, the amount due and owing necessarily increased. In fact, the complaint alerted defendant that approximately $32 (representing interest alone) would accrue each day during the litigation. Third, unlike in *Cragin*, the deficiency in this case was not against the mortgagor personally but was an *in rem* deficiency against the property. See *Cragin*, 262 Ill. App. 3d at 117; *Metrobank v. Cannatello*, 2012 IL App (1st) 110529, ¶¶ 19-20 (discussing *in rem* and personal deficiencies under the Foreclosure Law). Under these facts, defendant has failed to meet his burden to demonstrate good cause as to why the judicial sale should be held invalid. See *Sewickley, LLC v. Chicago Title Land Trust Co.*, 2012 IL App (1st) 112977, ¶ 35.

¶ 25    Lastly, we observe that it is well recognized that there are many factors that negatively affect the amount prospective buyers are willing to bid on properties that are judicially sold as a

result of a judgment of foreclosure. *Id.* ¶ 34. These include, but are not limited to,

> "the overall ascertainable condition of the property, the inability to perform an inspection
>
> of the interior condition of the property, any possible tax liens and other liens against the
>
> property and the lack of any provision of title insurance. Consequently, it is usually the
>
> norm that ' "property does not bring its full value at forced sales, and that price depends
>
> on many circumstances from which the debtor must expect to suffer a loss.' ' " *Id.*
>
> (quoting *Doering*, 162 Ill. App. 3d at 772, quoting *Horney v. Hayes*, 11 Ill. 2d 178, 184-
>
> 85 (1957)).

Such was the case here.

¶ 26    In sum, defendant has failed to demonstrate that the property sold for significantly less than its value and, therefore, has not demonstrated "good cause" to invalidate the sale. The phrase "good cause shown" requires more than what defendant has offered here. Even in a case where the foreclosure defendants argued defects coupled with an allegedly low sale price and produced a property appraisal to contradict the plaintiff's opinion about the property's fair market value, this was insufficient to constitute good cause to vacate the foreclosure and the court rejected their claim as speculative. See *Cragin*, 262 Ill. App. 3d at 119-22. Speculation that the property is worth more than the highest bid at the judicial sale is not proof. Accordingly, we conclude that the circuit court did not abuse its discretion when it entered the order approving the sale.

¶ 27                                 III. CONCLUSION

¶ 28    For the reasons stated above, the judgment of the circuit court of Cook County is affirmed.

¶ 29    Affirmed.

**No. 1-19-1013**

| | |
|---|---|
| **Cite as:** | *U.S. Bank National Ass'n v. Sharif*, 2020 IL App (1st) 191013 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 10-CH-1743; the Hon. Gerald V. Cleary, Judge, presiding. |
| **Attorneys for Appellant:** | Amir Mohabbat, of Chicagoland & Suburban Law Firm, P.C., of Oak Park, for appellant. |
| **Attorneys for Appellee:** | Jena Valdetero, Robert Brunner, Kristin Howard Corradini, and Katharine F. Lessaris, of Bryan Cave Leighton Paisner LLP, of Chicago, for appellee. |