2024 IL App (1st) 231097-U

No. 1-23-1097

Order filed June 20, 2024

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Cook County. |
| v. | ) ) | No. 10 CH 25402 |
| BV HOTELS, INC., | ) ) | Honorable Lynn Weaver Boyle, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE VAN TINE delivered the judgment of the court.
Presiding Justice Reyes and Justice D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the circuit court's order striking BV Hotels' affirmative defense of *laches* over BV Hotels' contention that *laches* can be premised solely on the passage of time between the filing of a lawsuit and effectuating service on a defendant. We also affirm the circuit court's approval of the judicial sale of the property at issue over BV Hotels' contention that notice of the sale was not advertised in a newspaper published in the same township as the property.

¶ 2    Defendant BV Hotels, Inc. ("BV Hotels") appeals from the circuit court's orders striking

its affirmative defense of *laches* and approving the judicial sale of a property in Northbrook,

Illinois. BV Hotels argues that the circuit court (1) should not have stricken its *laches* defense because BV Hotels was served 11 years after this lawsuit was filed and (2) should not have approved the judicial sale of the property because Deutsche Bank failed to advertise the sale in a newspaper published in the township where the property is located. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      In 2006, Beata Osinski took out a $672,000 mortgage on a property located at 1400 Kingsport Court in Northbrook, Illinois.[1] The parties agree that the property is in Northfield Township. Osinski defaulted on the loan in September 2009 and conveyed the property to BV Hotels in November 2009. Deutsche Bank filed this mortgage foreclosure action on June 14, 2010, naming Osinski and BV Hotels (among others) as defendants.

¶ 5      After serving BV Hotels by publication, Deutsche Bank obtained an order of default against BV Hotels in August 2015. *Deutsche Bank National Trust Company as Trustee for GSAAHET 2006-17 v. Osinski*, 2021 IL App (1st) 191669-U, ¶ 13. In February 2019, an attorney entered an appearance on behalf of BV Hotels and filed a motion to quash service by publication. *Id.* ¶ 15. The circuit court denied the motion to quash service and BV Hotels appealed. *Id.* ¶ 2. We reversed and remanded, holding that Deutsche Bank failed to comply with the statute and local rule governing service by publication. *Id.* ¶¶ 1, 51.

---

[1]We refer to this property by its address because its location is relevant to whether the advertisement of the judicial sale of the property was proper.

¶ 6    On remand, BV Hotels was properly served by corporate service on July 9, 2021. Approximately a year later, BV Hotels filed its answer and affirmative defenses. Relevant here, BV Hotels raised an affirmative defense of *laches*, asserting:

"This lawsuit was filed in 2010 based upon a default that supposedly took place in 2009. Despite this, BV Hotels was not served until 2021, well after the ten-year statute of limitations for breach of a note or mortgage had expired. BV Hotels spent many thousands of dollars on upkeep in reliance upon the natural assumption that plaintiff had abandoned whatever rights it may have. For example, in 2021 over $10,000 was spent replacing the roof of 1400 Kingsport. BV Hotels would suffer extreme prejudice if plaintiff was now entitled to proceed."

¶ 7    Deutsche Bank filed a motion to strike BV Hotels' affirmative defense of *laches* pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2022)). Deutsche Bank argued that "an alleged lack of diligent service of summons does not constitute *laches*" because "[t]he proper time to measure the delay in *laches* is between the 'actionable incident and the filing of the suit,' " quoting *Hannigan v. Hoffmeister*, 240 Ill. App. 3d 1065, 1075 (1992). In response, BV Hotels argued that "delay in prosecuting a lawsuit can support a claim for *laches*," citing *Miller v. Bloomberg*, 126 Ill. App. 3d 332, 336-37 (1984). BV Hotels also contended that even if *laches* was measured from the time the plaintiff filed the lawsuit, "service of process is part of *bringing a lawsuit*" because "service is almost always contemporaneous with filing." (Emphasis in original.)

¶ 8    The circuit court granted Deutsche Bank's motion and struck BV Hotels' *laches* affirmative defense with prejudice. The court's written order does not explain its reasoning for this

ruling. The same day, the court granted summary judgment for Deutsche Bank and entered a judgment of foreclosure and sale.

¶ 9      Deutsche Bank arranged for a judicial sale of the property on February 6, 2023. Deutsche Bank published notice of the sale in the Chicago Daily Law Bulletin on December 29, 2022, and January 5 and 12, 2023, and in the Northbrook Star on January 5, 12, and 19, 2023. A certificate of publication filed with the circuit court states that the "Northbrook Star is a secular newspaper that has been published WEEKLY in the township where the real estate is located." (Emphasis in original.). The certificate is signed by the publisher's representative.

¶ 10      Deutsche Bank purchased 1400 Kingsport for $750,000 at the judicial sale and filed a motion to approve the sale. In response, BV Hotels argued that Deutsche Bank's notice of sale in the Northbrook Star did not comply with section 15-1507(c)(2) of the Illinois Mortgage Foreclosure Law (IMFL) (735 ILCS 5/15-1507(c)(2) (West 2022)) because the Northbrook Star "is indisputably published in downtown Chicago" at the offices of the Chicago Tribune, not in Northfield Township where 1400 Kingsport is located. In reply, Deutsche Bank argued that BV Hotels presented no evidence that the notice of sale violated section 15-1507(c)(2) or that BV Hotels did not receive notice of the sale. In addition, Deutsche Bank contended that BV Hotels had not refuted Deutsche Bank's certificate of publication, which attested that the Northbrook Star was published in the township where the property was located, and that BV Hotels failed to show good cause for the circuit court setting aside the sale. The court approved the sale on May 18, 2023. In its written order, the court did not specifically address BV Hotels' argument regarding advertisement of the sale in the Northbrook Star beyond finding that "all notices required by 735 ILCS 5/15-1507(c) were given."

¶ 11    BV Hotels timely appealed.

¶ 12                                    II. ANALYSIS

¶ 13    On appeal, BV Hotels argues that the circuit court erred by striking its affirmative defense of *laches* and by approving the judicial sale of the property.

¶ 14                         A. *Laches* Affirmative Defense

¶ 15    BV Hotels first contends that the circuit court erred in striking its affirmative defense of *laches*. An affirmative defense admits the legal sufficiency of the plaintiff's claim but asserts another matter that defeats the plaintiff's right to recovery. *Reverse Mortgage Funding, LLC v. Catchins*, 2023 IL App (1st) 221197, ¶ 22 (citing *Vroegh v. J&M Forklift*, 165 Ill. 2d 523, 530 (1995)). A defendant must plead facts to establish an affirmative defense with the same specificity that a plaintiff must plead facts to state a cause of action. *Id.* ¶ 23. A section 2-615 motion to strike an affirmative defense, like all section 2-615 motions, admits the well-pleaded facts of the affirmative defense and challenges only the legal sufficiency of the defense. *Id.*; 735 ILCS 5/2-615 (West 2022). We review the circuit court's order striking the affirmative defense of *laches* pursuant to section 2-615 *de novo*. See *Bogner v. Villiger*, 343 Ill. App. 3d 264, 268 (2003).

¶ 16    "*Laches* is an equitable defense asserted against a party who has knowingly slept upon [its] rights and acquiesced for a great length of time." (Internal quotation marks omitted.) *Tillman v. Pritzker*, 2021 IL 126387, ¶ 25. Whereas a statute of limitations bars a claim based solely on the expiration of a set period of time, *laches* turns on "the inequity of permitting the claim to be enforced" based on a "change in the condition or relation of the property and parties." (Internal quotation marks omitted.) *Id. Laches* has two fundamental elements: (1) lack of due diligence by the plaintiff and (2) prejudice to the defendant. *Id.*

¶ 17    BV Hotels' affirmative defense did not allege that Deutsche Bank lacked due diligence in attempting to serve BV Hotels. The affirmative defense alleged only that BV Hotels was not *actually served* until 2021. Our supreme court is clear that the first essential element of laches is "lack of due diligence." *Noland v. Mendoza*, 2022 IL 127239, ¶ 33; see also *PNC Bank, National Ass'n v. Kusmierz*, 2022 IL 126606, ¶ 31; *Van Milligan v. Board of Fire and Police Commissioners of Village of Glenview*, 158 Ill. 2d 85, 89 (1994). Such an allegation does not appear anywhere in BV Hotels' affirmative defense and BV Hotels pled no facts regarding Deutsche Bank's diligence, or lack thereof, in attempting service. Therefore, BV Hotels did not adequately plead *laches*.[2] Because we find that BV Hotels did not plead lack of due diligence, we need not consider whether it adequately pled prejudice. See *PNC Bank*, 2022 IL 126606, ¶ 31 (a party must establish both elements of *laches* for the affirmative defense to stand). And, because we resolve this issue based on BV Hotels' failure to plead an essential element of *laches*, we need not reach the substantive question of whether *laches* can be premised solely on the passage of time between the filing of a lawsuit and the effectuation of service upon a defendant. Accordingly, we affirm the circuit court's order granting Deutsche Bank's section 2-615 motion to strike BV Hotels' *laches* affirmative defense.

¶ 18                            B. Notice of Foreclosure Sale

¶ 19    BV Hotels also argues that the circuit court erred in approving the judicial sale of 1400 Kingsport because Deutsche Bank did not advertise the sale in a newspaper published in the township in which the property is located, in violation of section 15-1507(c)(2) of the IMFL.

---

[2]Although Deutsche Bank did not raise this issue, we may affirm on any basis apparent from the record on appeal. See *Schrock v. Ungaretti & Harris Ltd.*, 2019 IL App (1st) 181698, ¶ 44.

Specifically, BV Hotels contends that the sale was advertised in the Northbrook Star, which is published in Chicago, not Northfield Township. As noted above, the parties agree that 1400 Kingsport is in Northfield Township.

¶ 20    We review a circuit court's decision to approve a judicial sale for an abuse of discretion.[3] *CitiMortgage, Inc. v. Bermudez*, 2014 IL App (1st) 122824, ¶ 57. "A circuit court abuses its discretion when its ruling rests on an error of law or where no reasonable person would take the view adopted by the circuit court." *Id.*

¶ 21    A judicial foreclosure sale is not complete until a circuit court approves the sale. *Id.* ¶ 59. Section 15-1508(b) of the IMFL (735 ILCS 5/15-1508(b) (West 2022)) "governs the circuit court's analysis in approving or disapproving a sale and is the only means under which a defendant can move to set aside a sale." *CitiMortgage*, 2014 IL App (1st) 122824, ¶ 59. When a plaintiff moves to approve a judicial sale of a property, the court must conduct a hearing and must approve the sale unless the court finds that notice of sale did not comply with section 15-1507(c). 735 ILCS 5/15-1508(b) (West 2022). Relevant here, section 15-1507(c) provides that the sale must be advertised in "a newspaper published in the township in which the real estate is located." *Id.* § 15-1507(c)(2). A party to the lawsuit that does not personally receive notice of the sale in compliance with section 15-1507(c) may seek to set aside the sale on that basis alone. *Id.* § 15-1508(c). But in all other cases, "no sale *** shall be held invalid or be set aside because of any defect in the notice thereof or in the publication of the same *** *except upon good cause shown* in hearing pursuant

---

[3]BV Hotels contends that this is a matter of statutory interpretation, implying that the standard of review should be *de novo*. See *Tillman*, 2021 IL 126387, ¶ 17. We disagree. Section 15-1508 of the IMFL "ha[s] been construed as conferring on circuit courts broad discretion in approving or disproving judicial sales." *Household Bank, FSB v. Lewis*, 229 Ill. 2d 173, 178 (2008). The abuse of discretion standard applies. *Sewickley, LLC, v. Chicago Title Land Trust Co.*, 2012 IL App (1st) 112977, ¶ 26.

to [section 15-1508(b)]." (Emphasis added.) *Id.* § 15-1508(d). "The party opposing the foreclosure sale bears the burden of proving that sufficient grounds exist to disapprove the sale." *U.S. Bank National Ass'n as Trustees for C-Bass Mortgage Loan Asset-Backed Certificates Series 2006-CB2 v. Sharif*, 2020 IL App (1st) 191013, ¶ 10.

¶ 22     Read together, these sections mean that when a defendant does not contest that it received notice of the sale, the defendant can only seek to invalidate the sale based on defects in the notice if the defendant establishes "good cause." *Cragin Federal Bank for Savings v. American National Bank & Trust Co. of Chicago*, 262 Ill. App. 3d 115, 120 (1994) ("Under the clear language of section 15-1508(d), therefore, the [defendants] cannot establish that the sale was invalid merely by showing that the notice was not published on the third consecutive week. They must show 'good cause' for setting aside the sale."). Good cause under section 15-1508(d) means "provid[ing] evidence that the property sold for substantially less than its actual value as a result of the [plaintiff's] failure to provide adequate notice." *Sharif*, 2020 IL App (1st) 191013, ¶ 22 (citing *Cragin*, 262 Ill. App. 3d at 121).

¶ 23     BV Hotels never claimed that it did not receive notice of the sale of 1400 Kingsport. Therefore, BV Hotels had the burden of establishing good cause under section 15-1508(d) for setting aside the sale. See *id.* ¶ 10. We find that BV Hotels did not even allege, much less prove, good cause.

¶ 24     The record does not contain reports of proceedings for the May 18, 2023, hearing at which the circuit court heard Deutsche Bank's motion to approve the sale and at which BV Hotels had the burden of establishing good cause to set the sale aside. When an issue on appeal relates to the conduct of a hearing, we cannot review it without a report or record of the proceeding. *Hye Ra*

*Han v. William Holloway*, 408 Ill. App. 3d 387, 390 (2011). In that scenario, we must presume that the circuit court's order followed the law and had a sufficient factual basis. *Id.*

¶ 25 That is a safe assumption in this case because BV Hotels has never claimed that 1400 Kingsport sold for substantially less than its actual value, *i.e.*, BV Hotels has never attempted to establish good cause under section 15-1508(d). See *Sharif*, 2020 IL App (1st) 191013, ¶ 22. In fact, its appellate brief does not even address good cause aside from insisting that we should not "force BV Hotels to offer particularized 'good cause'. " But that is precisely what Illinois law requires. BV Hotels reads section 15-1508(d) backwards. BV Hotels argues that the circuit court used section 15-1508(d) to excuse a presumptively defective notice and presumptively invalid sale. Not so. The circuit court was required to approve the sale *unless* BV Hotels proved good cause. BV Hotels did not even attempt to meet that burden of proof.

¶ 26 BV Hotels' only complaint has ever been that the Northbrook Star is not published in Northfield Township. Even assuming that is true, it does not constitute good cause to set the sale aside. See *id.* ¶ 21 ("[e]ven assuming a defect occurred in the content of the notice of sale, defendant fails to demonstrate good cause under section 15-1508(d) so as to have the sale held invalid or set aside.").

¶ 27 The cases that BV Hotels cites do not involve the IMFL and do not compel a finding that the circuit court abused its discretion in approving the sale. See, *e.g.*, *Garcia v. Tully*, 72 Ill. 2d 1 (1978); *In re County Treasurer and ex officio County Collector*, 2023 IL App (3d) 220226. Accordingly, we find that the circuit court did not abuse its discretion in approving the judicial sale of 1400 Kingsport.

¶ 28                                    III. CONCLUSION

¶ 29    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 30    Affirmed.